HIRAM TUCKER *vs.* MASSACHUSETTS CENTRAL RAILROAD.

Worcester. October 6, 1874. COLT & MORTON, JJ., absent.

The verdict of a jury summoned under the Gen. Sts. c. 63, § 22, to assess damages for land taken for a railroad, must be adjudicated upon in the Superior Court; and if the officer presiding at the trial returns to the Superior Court, with the verdict, a bill of exceptions which he certifies to be conformable to the truth, and which the presiding judge allows, without himself passing upon the question of law presented, this court has no jurisdiction of the exceptions.

PETITION for the assessment of land damages sustained by the petitioner by reason of the passage of the respondent's railroad through his farm. The respondent, being dissatisfied with the estimate made by the county commissioners, applied for a jury to assess the damages, pursuant to the provisions of the Gen. Sts. *c.* 63, § 22. At the trial before the jury, the respondent excepted to the admission of certain evidence, and "prayed the allowance of his exceptions;" and the coroner presiding certified that those exceptions were conformable to the truth, and returned them with the verdict for the petitioner to the Superior Court. At the end of the exceptions so certified and returned, *Brigham*, C. J., added and signed these words: "Exceptions allowed." No other proceedings or judgment appeared on the record of the Superior Court, or were transmitted to this court.

*W. S. B. Hopkins*, for the respondent.

*J. G. Allen*, for the petitioner.

GRAY, C. J. The statute provides that the proceedings upon an application for a jury to assess damages for land taken for a railroad shall be the same as is provided for the recovery of damages in the laying out of highways. Gen. Sts. *c.* 63, § 22. It is the duty of the officer presiding at the trial before the jury, upon the request of either party, to certify to the Superior Court, with the verdict, the substance of any decision or direction by him given. Gen. Sts. *c.* 43, § 33. But a tender and allowance of a formal bill of exceptions at such a trial is not required by law, nor according to the usual and regular practice. The duty of the Superior Court is also prescribed by statute. "The verdict shall be returned to the next term of the Superior Court to be held for the same county, and the court shall receive it and adjudicate

thereon, and may set it aside for good cause." Gen. Sts. *c.* 43, § 40. It was therefore the duty of that court to adjudicate upon the verdict, and to accept it or set it aside ; and any question of law decided by that court in making such adjudication might be brought to this court, either by appeal or exceptions. *Walker* v. *Boston & Maine Railroad,* 3 Cush. 1, 17. *Fitchburg Railroad* v. *Boston & Maine Railroad,* 3 Cush. 58, 78. *Taylor* v. *Taunton,* 113 Mass. . Gen. Sts. *c.* 114, § 10 ; *c.* 115, § 7. But such exceptions must be to a ruling of the Superior Court. In this case that court has not adjudicated upon the verdict, and has simply allowed exceptions taken before the coroner who presided at the trial. There having been no ruling or judgment in the Superior Court, this court has no jurisdiction, and the exceptions must be                                                                                                 *Dismissed.*