## WILLIAM F. ROSE *vs.* CITY OF TAUNTON.

Bristol.   Oct. 26. — Nov. 3, 1875.   WELLS & MORTON, JJ., absent.

The recital in a deed of land of the consideration paid is not admissible in evidence to show the value of adjoining land, as between persons not parties to the deed.

At the trial for the assessment of damages sustained by the taking of land for a highway, under the Gen. Sts. *c.* 43, the petitioner offered office copies of four deeds of land in the neighborhood to show the price paid for the lots of land described therein. Objection was made to the admission of all the deeds, but special grounds of objection were assigned to the admission of three of them only. All the deeds were admitted in evidence. *Held*, that all the deeds were duly objected to at the trial as incompetent evidence of the price or value of the land, and that the respondent was entitled to insist upon this objection as a ground for setting aside the verdict.

An order of the Superior Court, setting aside the verdict of a sheriff's jury, is a final disposition of the case so far as that court is concerned, and any question of law involved in the order may be brought at once to this court by exceptions or appeal.

PETITION to the county commissioners for a jury to assess damages for the taking of land by the respondent to lay out a highway in the city of Taunton.

At the trial before a sheriff's jury, the petitioner offered office copies of four deeds of land, one from Thomas Leach to Helen E. Felch, one from Helen E. Felch to Thomas Leach, one from Abram R. Pontin to Lewis H. Goward, and one from Joseph H. Rines to David Johnson, to show the price paid for these lots of land, therein described, and for any other purpose for which they were competent. Objection was made to the admission of all these deeds, the objection being to the Leach and Felch deeds that they were of land not similar in character to the petitioner's; and to the deed from Rines to Johnson, because the land was from eight hundred to one thousand feet distant, and that much farther from the thickly settled part of the city. But it appeared to the sheriff that all of these tracts of land were of a similar character to the petitioner's, and that it might give the jury some light respecting the price of the petitioner's land, and they were admitted. The jury returned a verdict for the petitioner.

In the Superior Court the verdict was set aside. The petitioner appealed to this court.

*W. E. Fuller*, for the petitioner.

*G. E. Williams*, for the respondent.

GRAY, C. J. The office copies of deeds were incompetent evidence for the purpose for which they were offered and admitted at the trial before the sheriff's jury. Even as against a party to a deed, the recital of the consideration paid is not conclusive, and is admissible as *primâ facie* evidence, only because one party has signed and the other has accepted the deed containing the recital. *Paige* v. *Sherman*, 6 Gray, 511. As between third persons, such recitals are no evidence whatever. *Spaulding* v. *Knight*, 116 Mass. 148, 155.

The sheriff's certificate shows that the copies of deeds were offered and admitted as evidence of the price paid for the land,

that objection was made to the admission of all four of them, and that the special grounds of objection extended to three of them only. It is manifest therefore that all the deeds were objected to at the trial as incompetent evidence of the price or value of the land, and that the respondent was entitled to insist upon this objection as a ground for setting aside the verdict.

As several appeals have been entered at this term from orders of the Superior Court setting aside the verdict of a sheriff's jury, and have been entertained by this court without waiting for the result of another trial, it is proper to add, in order to prevent misunderstanding, that such an order does not stand upon the same ground as an order of the Superior Court granting a new trial in a suit pending in that court, which cannot be brought to this court for revision by appeal or exceptions until the case has been finally disposed of in the Superior Court.

Upon a proceeding to assess damages, begun by petition to the county commissioners, and tried upon a warrant from them before a sheriff's jury, nothing is ever returned to or entered in the Superior Court but the verdict of the jury and the certificate of the rulings at the trial, and the only action which the court can take in the matter is to pass an order accepting or setting aside the verdict, and to certify the result to the county commissioners. After such an order, either of acceptance or rejection, has been so made and certified, the case no longer remains in the Superior Court or upon its docket. If the verdict is accepted, no further judgment or execution follows in the Superior Court; but if the amount of the verdict is not paid, a warrant of distress is issued by the county commissioners. If the verdict is set aside by the Superior Court, a new application for a jury is presented to the county commissioners, and when the jury summoned thereon return a verdict, it is certified anew by the presiding officer to the Superior Court, and takes a place upon its docket as if no previous action in the court had been had. Gen. Sts. c. 43, §§ 33, 40, 42, 43; c. 133, § 8. *New Bedford* v. *County Commissioners*, 9 Gray, 346, 347.

An order of the Superior Court, either setting aside or accepting the verdict of a sheriff's jury, is therefore a final disposition of the case, so far as that court is concerned, and any question of law involved in the order may be brought at once to this court

by exceptions or appeal. *Parker* v. *Framingham*, 8 Met. 260,
*Walker* v. *Boston & Maine Railroad*, 3 Cush. 1. *Fitchburg Railroad* v. *Boston & Maine Railroad*, 3 Cush. 58. *Tucker* v. *Massachusetts Central Railroad*, 116 Mass. 124. *Hogan* v. *Ward*, 117 Mass. 67. *Judgment setting aside the verdict affirmed.*