## J. S. READ *vs.* CITY OF CAMBRIDGE.

Middlesex. Jan. 17. — June 28, 1878. ENDICOTT & SOULE, JJ., absent.

If the officer presiding at a trial before a sheriff's jury gives an instruction to the jury, in matter of law, in the jury room, after they have retired to deliberate on their verdict, and in the absence of the parties to the cause or their counsel, the verdict will be set aside, without inquiring whether the instruction given was prejudicial to either party; and although the certificate of the officer states that after the jury were dismissed he submitted the instruction to the counsel of both parties, and that they declared it was correct.

PETITION under the St. of 1872, *c.* 299, § 8, to the county commissioners for a jury to assess the damages caused to the petitioner by the taking of land by the respondent. After the sheriff's jury, before which the trial was had, had retired to their room and were deliberating upon their verdict, they rang the bell to call the sheriff, who had them in charge, and who was the presiding officer at the trial. The sheriff went to the door of the jury room, and, as the door was being opened, the written question, " Have the counsel the right to argue on what is not in evidence ? " was handed to the sheriff by the foreman, and the answer, " No," was given by the sheriff, orally, to the foreman at the door. The sheriff took an early opportunity, after the

jury had been dismissed, and before the verdict was returned to the Superior Court, to submit this question and answer to the counsel of both parties, who declared that the sheriff's instruction was correct. The jury returned a verdict for the petitioner; and the sheriff certified the foregoing facts, with the verdict, to the Superior Court.

In that court, a motion to set aside the verdict, because of this proceeding of the sheriff, was overruled, and the verdict accepted. The respondent appealed to this court.

*J. W. Hammond*, for the respondent.

*C. T. Russell & C. T. Russell, Jr.*, for the petitioner.

GRAY, C. J. The action of the sheriff after the jury had retired to deliberate upon their verdict was irregular, and in violation of the settled law of the Commonwealth, and requires the verdict to be set aside.

In *Sargent* v. *Roberts*, 1 Pick. 337, after a trial of three days before a justice of this court, the jury had been out six hours, when the foreman wrote to the judge at chambers, informing him that they could not agree, and that they waited for his directions; the judge returned an answer in writing, saying that he was unwilling, after so much time had been consumed in the cause, to permit the jury to separate, and giving such instructions as would enable them to reconsider the cause in a more systematic manner, and directing them to bring his letter into court with them in order that it might be filed with the papers in the case; the jury returned a verdict for the defendants, and the plaintiff moved for a new trial, because of this communication from the judge to the jury. The full court, after mature consideration, and observing that the judge had acted in accordance with a practice which had long prevailed to some extent, and that it was impossible to complain of the substance of the communication, and the only question was whether any communication at all was proper, unanimously held that the plaintiff was entitled to a new trial.

The reasons were thus stated by Chief Justice Parker: " No communication whatever ought to take place between the judge and the jury, after the cause has been committed to them by the charge of the judge, unless in open court, and, where practicable, in presence of the counsel in the cause." " When the court is

adjourned, the judge carries no power with him to his lodgings. and has no more authority over the jury than any other person; and any direction to them from him, either verbal or in writing, is improper. It is not sufficient to say that this power is in hands highly responsible for the proper exercise of it; the only sure way to prevent all jealousies and suspicions is to consider the judge as having no control whatever over the case, except in open court in presence of the parties and their counsel. The public interest requires that litigating parties should have nothing to complain of or suspect in the administration of justice, and the convenience of jurors is of small consideration compared with this great object." "It is better that everybody should suffer inconvenience, than that a practice should be continued which is capable of abuse, or at least of being the ground of uneasiness and jealousy." 1 Pick. 342.

It was thus adjudged that, even in the highest court of the state, a communication from the judge to the jury, which was in writing and filed, so that there could be no question of its terms, and which was unobjectionable in substance, was yet, being made out of court and in the absence of the parties and their counsel, improper and illegal, and required a new trial to be granted on the motion of the party against whom the verdict was returned.

The rule thus established was recognized by Chief Justice Shaw in *Commonwealth* v. *Roby*, 12 Pick. 496, 518, and by Chief Justice Bigelow in *Merrill* v. *Nary*, 10 Allen, 416, 417; it has never been qualified by legislation, (although the whole statute law of the Commonwealth has been since twice revised,) and has governed the practice of our courts for more than half a century; and it has been approved in many other states. *Benson* v. *Fish*, 6 Greenl. 141. *State* v. *Smith*, 6 R. I. 33, 36. *State* v. *Patterson*, 45 Vt. 308, 316. *Kirk* v. *State*, 14 Ohio, 511. *Fish* v. *Smith*, 12 Ind. 563. See also *Norris* v. *Cook*, 1 Curtis, 464.

The decision in *Thayer* v. *Van Vleet*, 5 Johns. 111, cited by the learned counsel for the petitioner, has been overruled. *Taylor* v. *Betsford*, 13 Johns. 487. *Benson* v. *Clark*, 1 Cowen, 258. *Moody* v. *Pomeroy*, 4 Denio, 115. *Watertown Bank & Loan Co.* v. *Mix*, 51 N. Y. 558. In *Taylor* v. *Betsford*, the court said: "The only error necessary to be noticed in this case

is, that the justice went into the room with the jury, at their request, privately and apart from the parties, to answer certain questions proposed to him by the jury. This we have repeatedly held to be erroneous, unless done with the consent of the parties. Whether the information given by the justice were material, or had any influence upon the verdict of the jury, is a matter which we will not inquire into."

Against this weight of authority, the only cases, brought to our notice, which countenance a different rule, are two in New Hampshire and one in South Carolina. *Bassett* v. *Salisbury Manuf. Co.* 8 Foster, 438. *Allen* v. *Aldrich*, 9 Foster, 63. *Goldsmith* v. *Solomons*, 2 Strob. 296. And in the latter the point adjudged related only to instructions as to the form of the verdict, given by the judge to the foreman in open court ; and the criticism upon the judgment of this court in *Sargent* v. *Roberts* was based upon the singular theory that the intercourse between the jury and the bench is so confidential that often communications from the jury ought not to be disclosed to the bar.

The duty of the sheriff or other officer presiding at a trial by a sheriff's jury is prescribed by statute to be to keep order, to administer the oath to jurors and witnesses, to decide all questions of law arising at the trial and direct the jury upon any question of law when requested by either party, and, when requested, to certify to the court, with the verdict, the substance of any decision or direction by him given. Gen. Sts. c. 43, §§ 32, 33. *Merrill* v. *Berkshire*, 11 Pick. 269, 274. *Tucker* v. *Massachusetts Central Railroad*, 116 Mass. 124. In performing these duties, his functions are judicial; in attending the jury after they have retired to deliberate upon their verdict, he acts as an executive officer, just as his deputy might. *Tripp* v. *County Commissioners*, 2 Allen, 556, 558. *Briggs* v. *Taunton*, 110 Mass. 423, 427. The sheriff does not hold a court, except for the purpose of presiding at the particular trial under the warrant to him from the county commissioners. Gen. Sts, c. 43, § 27. If he has any authority to direct the jury in matter of law, after he has once committed the case to them, it can only be in the presence of the counsel. The statute which requires him to give directions to the jury, and to certify them to the court, at the request of either party, implies that the parties must be

present, by themselves or their counsel, when the directions are given. No reason has been or can be suggested why an executive officer, exercising judicial functions in a particular case, should not be subject to the same restrictions as the judges of the courts.

The question of the foreman was evidently addressed to the sheriff and answered by him in his judicial capacity. As he had no right, under the circumstances, to make any communication at all to the jury, the decisions already cited are conclusive to the point that the court will not inquire whether the communication was in fact erroneous or prejudicial. The statement, in his certificate, that the counsel of both parties, after the jury had been dismissed, assented to its correctness, is wholly immaterial, because it was no part of his duty at that stage of the case to inquire into or certify their opinion upon that point.

*Verdict set aside.*