## KAPOHAKU *et al. vs.* KOA.

### MOTION FOR NEW TRIAL.   BEFORE JUDD, C.J.

### MAY, 1882.

While the jury were deliberating, one of the jurors leaned out of the open window of the jury-room and spoke to a police officer who was guarding the building:

Held, not such misconduct as to demand a new trial: it not appearing that the conversation had any bearing on the case.

### DECISION OF JUDD, C.J.

It appears by the affidavits filed, that while the jury were in their room deliberating upon their verdict, one of them, Sam. C. Dwight by name, leaned out of an open window and had a conversation with a police officer, Kaainiu, who, though not

specially sworn to take charge of the jury, had been stationed by the Marshal in the yard to keep off intruders from the jury. It further appears that Dwight told the officer that the jury were obstinate; also that the officer should move away from the building, and that he desired him to open the door so he could go out for a necessary purpose. It does not appear by the affidavits that the officer said anything, except to tell the juror to leave the window.

The affidavit of the juror is objected to as inadmissible under the ruling in *The King vs. Kahalewai,* 3 Hawn., 465; the Court there held that affidavits of persons who overheard the discussions of the jurors in the juryroom cannot be shown to invalidate their verdict, nor could affidavits of the jurors themselves, disclosing their deliberations and proceedings while consulting together, be received.

The misconduct sought to be shown in that case was, that the language used by one juror to his fellows indicated an improper bias against the accused.

In the case before me the sanctity of the juryroom is not sought to be invaded. The affidavits show no conversation among the jurors themselves; if they did, I should be obliged to reject them on the authority of this decision.

The misconduct here alleged is a conversation between a juror and an officer and it consists mainly of remarks by the juror, and only one remark by the officer, to wit, that the juror should withdraw from the window. Should this be held good ground for ordering a new trial?

This Court will endeavor by all means within its power to prevent all attempts to influence the jury, and to preserve the purity of jury trials, and if the conversation described in the affidavits had reference to the case, and was likely or calculated to influence the verdict, I should be bound to set aside the verdict, even though it be not proved that such influence was exerted.

In the instance before me the officer should not have approached the window nor listened to the juror's remarks, but he

should have moved away and reported to his superior or the Court; but it appearing that he made no reply, except to warn the juror away from the window, I cannot say that this is misconduct which vitiates the verdict, as he said nothing having any bearing on the case.

I have examined the cases cited in support of the motion, and while adhering to the principles there laid down, it seems to me that the facts of the case before me do not show such misconduct as would vitiate the verdict. To sustain the position of counsel for the motion, that any conversation or remark addressed by a juror to an officer, should entitle the verdict to be set aside, without inquiry into the nature of that conversation, or whether it was calculated to affect the verdict, would be extremely embarrassing to the Court. The Court should exercise a discriminating view and decide each case upon its merits.

The authorities cited are Proffatt on Jury Trials, Section 391; *Sargent vs. Roberts,* 1 Pick., 341, where the judge wrote a letter to the jury respecting the case; new trial granted. *Knight vs. Freeport,* 13 Mass., 217; in this case a new trial was ordered in consequence of a remark by the plaintiff's son-in-law to a juror, after empanelling, that the case was of great importance to him, etc. *Commonwealth vs. Roby,* 12 Pick., 520, where the jury were permitted to have refreshments; *Shea vs. Lawrence,* 1 Allen, 167, where the irregularity complained of was a casual remark by a bystander, made before trial to a third person in presence of one or more jurors, not knowing they were jurors. New trial refused. *Read vs. Cambridge,* 124 Mass., 567; here an officer presiding at a trial before a sheriff's jury, gave fresh instructions to the jury after they had retired, in the absence of the parties or counsel, and a new trial was ordered. *Hamilton vs. Pease,* 38 Conn., 117; verdict set aside because juror conversed with a party about the case, and the conversation showed bias against the unsuccessful party. *Tomlinson vs. Derby,* 41 Conn., 284; in this case the verdict was set aside because a third person told a juror during the trial that if the trial should continue fifteen or

twenty days, and the plaintiff should recover $5000, he would have nothing left after paying expenses of suit.

Motion overruled.

*J. L. Kaulukou,* for plaintiff.

*C. Brown & A. S. Hartwell,* for defendant.

Honolulu, May 11, 1882.