## ELLEN M. SEWALL *vs.* GEORGE P. SEWALL.

Suffolk. Jan. 18, 1884. — March 28, 1885. COLBURN, J., did not sit.

A wife on a libel for divorce attached land of her husband. On an execution issued in her favor for alimony *pendente lite,* the land was levied upon and sold, and she became the purchaser. Within the year during which the husband had the right of redemption, he sold the land, together with his right of redemption. The purchaser from the husband brought a bill in equity against the wife to redeem the land. While this bill was pending, the wife obtained a decree for further alimony, and execution issued therefor, which was levied upon the husband's right to redeem the land; and the wife became the purchaser. Subsequently a decree was entered in the suit in equity against the wife, that the plaintiff, on payment of a certain sum, have seisin and possession of the land; and that the wife be enjoined from setting up any title under the first levy and execution. This sum was paid the wife by the purchaser, and he took possession of the premises. The wife subsequently, without tendering to the purchaser the amount which he had paid her, brought a writ of entry against him, under the St. of 1874, c. 188, § 4. *Held,* that she could not maintain the writ, even if the conveyance by her husband was in fraud of creditors.

WRIT OF ENTRY, dated May 26, 1881, to recover a parcel of land. Trial in the Superior Court, before *Knowlton,* J.; who allowed a bill of exceptions, in substance as follows:

In May, 1874, this demandant brought a libel for divorce against her husband, Charles H. Sewall, and attached thereon the demanded premises, which were then the property of her husband, and in his possession. In May, 1877, the court ordered judgment for this demandant for $900, alimony *pendente lite,* and that execution should issue thereon. Execution issued, and on May 3, 1877, was levied upon the demanded premises. After due notice, the estate was sold by public auction, on June 23, 1877, to the demandant, she being the highest bidder therefor, for $956, and a deed thereof was duly executed to her, and thereupon she took possession. On June 20, 1878, Charles H.

Sewall made a conveyance to the tenant, his brother, of the demanded premises, who on June 21, 1878, brought a bill in equity to redeem the same from the demandant. While this suit was pending, the court in the suit for divorce ordered judgment and execution in favor of the demandant for an additional amount of alimony *pendente lite*, viz. $1691.66, and execution issued thereon on April 12, 1880, and was on the same day levied upon the right of Charles H. Sewall to redeem the demanded premises. After due notice, said right was sold by public auction, on June 12, 1880, to the demandant, she being the highest bidder therefor, for $1808.80, and a deed thereof was duly executed to her. In January, 1881, the court entered a decree in the suit to redeem, that the tenant pay to the demandant $279.78, and thereupon have seisin and possession of the demanded premises, and that she be enjoined from setting up any title under the levy and execution first above named. See *Sewall* v. *Sewall*, 130 Mass. 201. The tenant paid her this amount, took possession of the premises, and has since been in possession, having made no conveyance of the property. The demandant brought the present action, without paying or offering to pay the amount paid by the tenant, in pursuance of said decree.

The demandant offered to prove that the conveyance by Charles H. Sewall to the tenant was a voluntary conveyance, without consideration, and in fraud of the demandant; but the judge, there being no evidence of any change in the rights or situation of either party with reference to the demanded premises, after the tenant took possession of it under said decree, nor of any change in title after the decree, except what resulted from the proceedings under it, excluded the evidence, and ruled that, even if these facts were shown, the action could not be maintained; and ordered a verdict for the tenant. The demandant alleged exceptions.

*R. M. Morse, Jr.*, for the demandant.

*H. G. Allen*, for the tenant.

DEVENS, J. In *Sewall* v. *Sewall*, 130 Mass. 201, which was a bill in equity brought by the present tenant against the demandant to redeem the estate here demanded from a sale thereof on execution, it was held that it was immaterial whether the

conveyance to the tenant by Charles H. Sewall was or was not in fraud of creditors; that the tenant was entitled to seisin and possession of the premises on payment of the sum due for redemption; and that the demandant should be enjoined from setting up or asserting any title under that levy and sale. The tenant paid the sum found to be due for redemption, took possession of the premises, and was in possession when the present writ of entry was brought.

While the bill in equity was pending, the demandant, having obtained an additional judgment and execution against Charles H. Sewall, caused the same to be levied upon his right to redeem the premises from the sale thereof under the first execution, by sale of such right by auction, and became herself the purchaser. After the decree in the suit for redemption brought by the tenant, his compliance therewith, and his entry into possession of the premises, the demandant brought this writ of entry, without tender or offer to pay the amount paid by the tenant.

The first levy was in contemplation of law a levy upon the whole estate, and no interest remained to the attaching creditor under the first attachment after the sale on execution. *Sewall* v. *Sewall, ubi supra.* Whether the right of redemption from a levy can itself be levied upon, after the year during which the debtor has a right to redeem has expired, if he or his assignee is still prosecuting proceedings for redemption which were begun within the year, or whether, the right of redemption having been conveyed to the tenant, it could have been taken on execution under any existing statute as the property of Charles H. Sewall, even if fraudulently thus conveyed, are questions which, although discussed at the bar, we shall not find it necessary to consider.

If it be assumed that the second levy and sale (which were of the debtor's right to redeem) might properly have been made, and that the proceedings in connection therewith were correctly conducted, so that the demandant obtained certain rights thereby, such rights must still be subject to the just claim of the tenant, who was rightfully in possession under a decree of this court, made after the second levy and sale, in a suit in equity to which both the demandant and the tenant were parties.

It was not important, in asserting the right of redemption, whether the conveyance to the tenant was voluntary and in fraud of creditors, as the deed to him passed the rights which Charles H. Sewall had. *Sewall* v. *Sewall, ubi supra.* It is not here important, as the sum paid by the tenant was necessary to redeem from a lawful levy and sale, of which sum, in the case at bar, although it is not perhaps material, the demandant had the entire benefit.

It was settled in *Sewall* v. *Sewall, ubi supra,* as between the two parties to the present suit, that the tenant had the debtor's right to redeem from the sale on the first execution, and the tenant did redeem as against the demandant. It is not easy to understand how it can now be maintained that by the second levy, a proceeding prior to that adjudication, the demandant obtained the same right to redeem. That, as between the demandant and the tenant, it belonged to the tenant, is *res adjudicata.* The demandant was only enjoined, it is true, against setting up title under the first levy and execution. There could not have been two rights to redeem from the first sale belonging to the debtor, one of which, being assigned by him to the tenant, would entitle the latter to redeem from the demandant as purchaser at the first sale, and the other of which, being levied upon and sold by virtue of a second execution, would enable the demandant, as purchaser at the second sale, to hold the estate without regard to the fact that, as against her, the tenant had been permitted to exercise the right of redemption from the first sale by a decree rendered subsequently to such second sale.

There having been no change in the rights or situation of either party with reference to the demanded property, after the possession of it under said decree, nor of any change in title after said decree, except what resulted from proceedings under it, the demandant, to maintain her writ of entry, offered to prove that the conveyance by Charles H. Sewall was voluntary, and in fraud of creditors. This evidence was rightly excluded, and the verdict ordered for the tenant. As it was irrelevant when the only question was whether the tenant should be allowed to redeem, it was equally so when, there having been no change in the position of the parties except so far as it was made by the decree and compliance therewith, the demandant

sought to regain possession of the premises which the tenant had redeemed. Had she desired to test the validity of the conveyance by Charles H. Sewall, as against creditors, if she could have done so at all by a writ of entry, it was necessary at least to tender that which the tenant had been compelled to advance to redeem the estate and to obtain the possession. But the remedy of the demandant was more properly in equity, where the equitable claim which the tenant had, by reason of the money advanced by virtue of a decree of this court to redeem the property from the first levy, could be properly protected. *New England Jewelry Co.* v. *Merriam*, 2 Allen, 390. *Brown* v. *Smith*, 116 Mass. 108.

The demandant contends that the remedy she seeks is the one provided by the St. of 1874, *c.* 188, § 4, (Pub. Sts. *c.* 172, § 49,) by which it is provided that, when the levy of an execution is on land the record title to which is fraudulently in the name of another person, an action for possession must be brought within one year after the return day of the execution. This cannot be so interpreted as to authorize this action to be maintained where the person who is alleged fraudulently to hold the record title is in possession by virtue of a redemption of the same from a former levy, which redemption has been held valid as between the demandant and the tenant, at least without indemnifying the tenant for what he has properly expended.

It is further said that the tenant is protected by his right to redeem from a judgment in the case at bar, and that to require the demandant to pay or tender the amount paid to redeem from the first execution would be useless, as this sum would be added to the amount due under the second levy, both of which the tenant must pay in order to redeem. But the tenant may not desire to redeem from the second levy, and should therefore be entitled to receive that which he has paid to redeem from the first.

The St. of 1877, *c.* 176, § 1, (Pub. Sts. *c.* 172, § 51,) provides that " all proceedings in levying such second execution, and the redemption of the right sold under it, and all the rights and obligations of the several parties in relation to such levy and redemption, shall be substantially the same as if the property so taken had been a right of redeeming mortgaged land." It has been held that, if mortgaged land be taken on execution,

and notice of a sale given according to law, payment and discharge of the mortgage by the debtor will not defeat a subsequent sale by the officer pursuant to the notice. *Capen* v. *Doty*, 13 Allen, 262. It is therefore argued that the second levy was properly made on the right to redeem on April 12, 1880, and that the fact that the tenant did subsequently redeem cannot defeat the demandant's right, although the tenant was in possession, in consequence of such redemption, when the suit was actually brought. But whether a redemption by an execution debtor after the second levy would have operated to increase the value of the estate levied upon in favor of the creditor or not, it is sufficient here to say that the tenant was not the execution debtor. Whether he was entitled to redeem at all had been disputed, and, as against the demandant, it had been decided that he was so entitled. It is not for the demandant to say that, by redeeming, the tenant has merely increased the value of the estate subject to the demandant's second levy. He has a right as against the demandant, if the latter asserts a title to the property, to the sum which he advanced for its redemption.

For these reasons, a majority of the court are of opinion that the entry should be, *Exceptions overruled.*