JOHN B. BROUILLARD *vs.* ROBERT W. STIMPSON & another.

Middlesex.    December 8, 1908. — February 26, 1909.

Present: KNOWLTON, C. J., MORTON, HAMMOND, BRALEY, & RUGG, JJ.

*Mortgage,* Of real estate. *Estoppel.* *Evidence,* Extrinsic affecting writings. *Real Action.*

A person who has foreclosed a mortgage of real estate under a power of sale contained therein is not estopped by the recitals contained in an affidavit made by him, under R. L. c. 187, § 15, as amended by St. 1906, c. 219, § 2, from showing what defaults actually existed, and, if the foreclosure was made legally upon an actual default, it is valid without the recording of any affidavit or with the recording of an affidavit which innocently states the default wrongly.

The consideration named in a mortgage deed or note is not conclusive upon the parties and the true consideration may be proved by oral evidence, and accordingly upon the issue of the validity of a foreclosure of a mortgage of real estate extrinsic evidence is admissible to show that the mortgage was given to secure a building loan and that the amount named in the mortgage had not been advanced by the mortgagee for the reason that the conditions under which the balance was to be advanced never were complied with.

After the foreclosure of a mortgage of real estate and possession taken by the mortgagee or those claiming under him, the mortgagor or those claiming under him cannot maintain a writ of entry to recover the land, the only remedy, where there is one, being in equity.

R. L. c. 178, § 47, in regard to the recovery of the possession of land by a judgment creditor who has caused an execution to be levied thereon, does not limit the remedy of such a judgment creditor to a writ of entry.

WRIT OF ENTRY, dated February 16, 1906, for a certain parcel of land in Watertown, brought in the Land Court by

a judgment creditor under a special attachment, he having obtained judgment and execution and become the purchaser of the land at the execution sale, and having taken all steps and proved all facts, in pursuing his remedies under his special attachment, necessary to maintain an action under the provisions of R. L. c. 178, § 47, as against the person who at the date of such special attachment was the holder of the record title to the premises specially attached.

The tenants claimed title under an overdue mortgage from one Ruggles to the East Cambridge Savings Bank, of which there had been a breach of condition before the bringing of the writ although subsequent to their taking possession.

The case was tried before *Davis,* J., who ruled as matter of law that both the non-payment of interest on December 1, 1899, and the non-payment of the taxes for 1899 constituted defaults under the terms of the mortgage from Ruggles to the East Cambridge Savings Bank, under foreclosure of which the tenants claimed title. He also ruled as matter of law, although in view of his other rulings he did not deem it necessary to the case, that the tenants being in possession of the premises, claiming title under an overdue mortgage of which there had been a breach of condition before the bringing of this writ, although subsequent to such taking of possession, the action could not be maintained. He therefore found for the tenants, and ordered judgment accordingly.

The demandant appealed to the Superior Court.

In the Superior Court the issues framed by the judge of the Land Court were tried before *Lawton,* J., who refused to make certain rulings requested by the demandant, and ordered the jury to answer the questions contained in the issues as follows:

" 1. Did the mortgagor comply with the terms of the mortgage from Ruggles to the East Cambridge Savings Bank? " The jury answered, " No."

" 2. In what particular did he fail to comply? " The jury answered, " He did not pay the first instalment of interest according to the tenor of the note B. He did not pay the taxes of 1899 when they became due."

" 3. Was he relieved from such compliance, so that the mort-

gage could not be foreclosed by the bank's foreclosure proceedings ? " The jury answered, " No."

The demandant alleged exceptions.

*J. A. Harris & J. P. Barlow*, for the demandant, submitted a brief.

*J. L. Powers*, (*D. Powers* with him,) for the tenants.

RUGG, J.    This is a writ of entry.    The demandant is a judgment creditor under a special attachment, and since the institution of his action has seasonably pursued his remedy under R. L. c. 178, § 47, as against the person then the holder of the record title to the demanded premises.    The tenants are holders of a title acquired by the foreclosure of a prior mortgage.    The affidavit of sale filed in the registry of deeds in connection with the foreclosure recites a default in the payment of interest upon the note secured by the mortgage.    The demandant has proceeded upon the theory that there was no such default.    It is not necessary to pass upon the soundness of this contention, for it has been found as a fact not now open to discussion, that at the time of the foreclosure there was a default in the performance of the condition of the mortgage in that taxes were unpaid.    The person foreclosing the mortgage is not estopped by the recitals of the affidavit to show what defaults actually existed.    The statutory provisions * as to the affidavit are merely directory and the statements it contains are evidence only, and if the foreclosure is legally made upon any real default, it is valid without the recording of any affidavit or one which innocently states a wrong default.    *Atkins* v. *Atkins*, 195 Mass. 124.

The principle is too well settled for extended discussion that extrinsic evidence was admissible to show that the mortgage was given for construction purposes, and that the full amount named had not been paid by the mortgagee for the reason that the conditions under which the balance was to be advanced were never complied with.    The consideration named in a mortgage deed or note is open to inquiry and may be proved by oral evidence.    *Saunders* v. *Dunn*, 175 Mass. 164.    *Hampden Cotton Mills* v. *Payson*, 130 Mass. 88.    There was not the slightest

---

* R. L. c. 187, § 15, as amended by St. 1906, c. 219, § 2.

testimony that the original mortgagee had not advanced all that it had agreed to until further construction had been done upon the buildings on the land.   There is no doubt as to the validity of the title acquired by the foreclosure.

But even if the foreclosure was illegal, the plaintiff could not maintain this form of action.   After a foreclosure of a mortgage and possession taken by the mortgagee and those claiming under the mortgagee, the mortgagor and those claiming under him cannot maintain a writ of entry, the only remedy being in equity. *Parsons* v. *Welles*, 17 Mass. 419.   *New England Jewelry Co.* v. *Merriam*, 2 Allen, 390.   *Brown* v. *Smith*, 116 Mass. 108.

The demandant is plainly wrong in his contention that R. L. c. 178, § 47, limits the remedy of a creditor under a special attachment to a writ of entry.   *Sewall* v. *Sewall*, 139 Mass. 157. See *Whittemore* v. *Swain*, 198 Mass. 37.

The case is so clear that the exceptions appear frivolous. Therefore double costs are imposed.

*Exceptions overruled.*