FRANKLIN N. GILSON, administrator, *vs.* ISRAEL NESSON.

Suffolk. January 27, 1911. — March 4, 1911.

Present: KNOWLTON, C. J., MORTON, LORING, BRALEY, & RUGG, JJ.

*Mortgage,* Of real estate, foreclosure sale. *Estoppel.*

A mortgagee, who has foreclosed a mortgage of real estate under a power of sale contained therein, is not estopped by a recital in an affidavit made by him under R. L. c. 187, § 15, as amended by St. 1906, c. 219, § 2, and annexed to his deed given under the power of sale, that he sold the real estate for $12,500, from showing, in an action on the mortgage note for the balance due after crediting the proceeds of the sale, that the property was sold at the foreclosure sale for only $10,000.

CONTRACT, by the administrator of the estate of Mary E. Walker, for a balance alleged to be due upon a note secured by a mortgage given by the defendant to the plaintiff's intestate upon certain real estate, after crediting the proceeds of a foreclosure sale of the estate. Writ dated March 3, 1906.

In the Superior Court the case was tried before *Fessenden,* J., without a jury. At the trial the plaintiff introduced in evidence the note with the indorsements thereon, and rested. The defendant introduced evidence tending to show a release of the defendant from further liability on the note. The plaintiff in reply introduced evidence tending to contradict and meet the evidence introduced by the defendant.

It appeared in evidence that an entry to foreclose the mortgage under the statute was made by the plaintiff's intestate on January 30, 1904; that a foreclosure of the mortgage was made under the power therein contained, and that a sale of the property was made on February 29, 1904, the defendant paying all the expenses of the foreclosure sale. Evidence was introduced tending to prove that the plaintiff's intestate never made any claim upon the defendant for payment of this note or any part thereof during her lifetime, she having died in October, 1905.

It further appeared that when the property was offered at public auction at the foreclosure sale, after some preliminary statements descriptive of the property and the terms of sale, bids were invited and that various bids were made; that one Ballou was present acting as the agent of the plaintiff's intes-

tate.  Mr. Walbridge, an attorney at law, testified that he was at the foreclosure sale for his office, that he did not know whether he represented Mrs. Walker or the defendant, that he made the bid for the mortgagee, that he went to the sale supposing that he represented the mortgagee, that he did not know at the time that he was representing the defendant. Ballou made bids for Mrs. Walker, the plaintiff's intestate, ranging from $10,000 until finally a bid was made in her behalf of $12,500.  There was evidence tending to show that this bid was made either by Ballou or Mr. Walbridge.  Other persons were bidding, and one Millen bid $12,505, and the property was struck off to him.  He failed to comply with the terms of the sale, which were $300 in cash down.  He offered his check for this amount, which was refused by the auctioneer. The property then immediately was put up again and was struck off to Ballou, the agent of Mrs. Walker, for $10,000.  Millen testified that he attended the sale at the request and in behalf of the defendant to bid in the property as high as it was necessary to bid to cover the mortgage.  The defendant contradicted this in his testimony.

In the deed of this real estate, under the power in the mortgage, executed by the mortgagee to herself, the consideration was named as $12,500, and in the affidavit as to compliance with the terms of the power of sale, required by R. L. c. 187, § 15, as amended by St. 1906, c. 219, § 2, which was annexed to the deed, the plaintiff's intestate made oath that she sold the real estate for the sum of $12,500.

At the close of the evidence the defendant asked for ten rulings, all of which the judge made except the first.

The first ruling requested was as follows: "1. That the affidavit in the deed of foreclosure of Mary E. Walker cannot be contradicted and must be taken as true."  The judge refused to make this ruling.  He found for the plaintiff in the sum of $4,368.95; and the defendant alleged exceptions.

*L. M. Friedman,* for the defendant.

*C. A. Bunker,* for the plaintiff.

BRALEY, J.  The finding for the plaintiff upon conflicting evidence disposes of the defense, that for a new consideration accepted by her and executed by the defendant the plaintiff's

intestate, who was the mortgagee, agreed to take the mortgaged property under foreclosure proceedings in satisfaction of the mortgage debt, and also establishes all material facts involved in the controversy upon which the right of the plaintiff to recover depended. *American Malting Co.* v. *Souther Brewing Co.* 194 Mass. 89.

The mortgagee purchased the property at the sale, and the defendant, having advanced the expenses of foreclosure, is to be credited with the purchase price, and only the balance of the indebtedness can be recovered in the present action. The actual sale was for $10,000. But, as the deed and affidavit under the power of sale stated the consideration and the amount of the bid to have been $12,500, the defendant contends that this sum must be credited, and that the judge erred in refusing to rule that the affidavit could not be contradicted and must be taken as true. If as between the parties the actual consideration of the contract may be shown although the recital in the deed of conveyance is different, so the affidavit is not conclusive, but is for the preservation of evidence showing compliance with the conditions of the power of sale. It would be a novel proposition for the defendant to assert, that, if the sale had been for more than the amount named in the affidavit, he could not prove and be credited with the excess, or, if in fact a surplus had resulted, that the mortgagee would not have held the money to his use. The recitals being evidentiary only, do not work a mutual estoppel, and may be contradicted by either the mortgagor or the mortgagee. *Rose* v. *Taunton*, 119 Mass. 99, 100. *Farquhar* v. *Farquhar*, 194 Mass. 400, 405. *Atkins* v. *Atkins*, 195 Mass. 124, 127. *Brouillard* v. *Stimpson*, 201 Mass. 236, 238.

It is further urged that, by the acts of her agent at the sale and by taking and retaining title in connection with a formal declaration in writing, she acquired the property for a price which was the highest accepted bid, although the decisive bid was much less, the intestate, by whose acts and conduct the plaintiff would be concluded, was therefore estopped from taking a different position to the plaintiff's disadvantage and injury, or elected to be bound by the amount stated in the affidavit or waived the right to rely on the final bid. A short answer to this contention would be, that, not having been pleaded, it

is not open under the answer containing only a general denial, with averments of payment and of accord and satisfaction. *Kidder* v. *United Order of Golden Cross*, 192 Mass. 326. It, moreover, is doubtful whether it is open under the terms of the request. But, if we pass these objections, as the plaintiff does not suggest or rely on them, the necessary elements of an equitable estoppel do not appear. The evidence warranted a finding, notwithstanding his denial, that the defendant was represented at the sale by an agent who was instructed "to bid in on the property as high as it could be bid to cover the mortgage." If the bids of the respective agents were apparently simultaneous, and for the larger sum, the failure of the defendant's agent, to whom the property was struck off, to comply with the terms of sale caused the auctioneer again to put the property up, when it was sold to the mortgagee at the price the plaintiff contends should be credited on the note. The sale seems to have been conducted in good faith, without any misrepresentations or concealment of material facts, and the defendant, being charged with the knowledge of his agent, could not have been misled as to the effect of what took place, or by the subsequent erroneous recital in the affidavit. *Plymouth* v. *Wareham*, 126 Mass. 475, 478. *Stiff* v. *Ashton*, 155 Mass. 130. *DeFriest* v. *Bradley*, 192 Mass. 346, 354.

Nor was there an estoppel by election. The recital, as we have said, was not contractual, or the affidavit essential to the efficacy of the deed, which under the power was a conveyance by the defendant to the mortgagee of the right of redemption and vested in her an absolute estate. *Merrifield* v. *Parritt*, 11 Cush. 590. *Claflin* v. *Boston & Albany Railroad*, 157 Mass. 489, 495. *Hall* v. *Bliss*, 118 Mass. 554, 559. It also was a question of fact, whether the mortgagee by stating the greater sum in the affidavit, because she thought it might aid her in making a future sale of the property at an enhanced valuation, intended to relinquish to the defendant in reduction of his collateral liability upon the note, the difference between the bids. *Kent* v. *Warner*, 12 Allen, 561. *Boyden* v. *Hill*, 198 Mass. 477.

*Exceptions overruled.*