Brassard, J.
INTRODUCTION
This matter is before the court on the plaintiffs, Stanton H. Pearson (“Pearson”), motion for summary judgment pursuant to Mass.R.Civ.P. 56 and the defendant’s, Canton Institution for Savings, The Bank of Canton (the “Bank”), cross motion for summary judgment.
The plaintiffs claims against the defendant are as follows: breach of contract (Count I), breach of the covenant of good faith and fair dealing (Count II), chilling the sale (Count III), breach of fiduciary duly (Count IV), and G.L.c. 93A (Count V), all of which are predicated on the defendant’s alleged failure to accept the plaintiffs bid at the foreclosure sale of the plaintiffs real property on June 14, 2001.
For the reasons set forth below, Pearson’s motion for summary judgment is DENIED, and the Bank’s cross motion for summary judgment is ALLOWED.
BACKGROUND
The materials submitted by the parties in support of and in opposition to the motions present the following facts.
On June 14, 1999, in connection with a loan, Pearson executed and delivered to the Bank a promissory note in the sum of $317,600.00, secured by a mortgage on his real property located at 144 Parmenter Road, Hudson, Massachusetts (the “Property”). Hughes Aff., 2. Pursuant to this promissory note and mortgage, the plaintiff was required to make monthly mortgage payments to the defendant. In 2000, the plaintiff defaulted on his mortgage payments to the defendant, resulting in the issuance of a notice of delinquency which provided the plaintiff with an opportunity to cure the default. Id. 3-5. The plaintiff *722 failed to bring the account up to date within the given period, and the defendant set a date, February 8, 2001, for a foreclosure sale of the Property. Jackson Aff., 2. However, this foreclosure sale did not materialize because on January 31, 2001 the parties entered into a postponement agreement whereby the sale would be postponed provided that Pearson paid the past due amount based on a set payment schedule. The postponement agreement would eventually bring the plaintiffs payments up to date by May 9, 2001. Id. 4.
The plaintiff defaulted on his scheduled payments. He made a request for additional time to bring the account up to date, and the defendant granted the plaintiff an extension until May 31, 2001. Again the plaintiff failed to make payments by the due date. As a result, on June 5, 2001, Attorney William D. Jackson, as legal representative of the defendant, sent the plaintiff a notice stating that a foreclosure sale would be conducted at the Property on June 14, 2001, at 11:00 a.m. Jackson Aff., 5 and Ex. C.
The terms for the foreclosure sale required that a prospective bidder must show the auctioneer five thousand dollars ($5,000.00) in cash, certified check, or bank check, . at the time and place of sale in order to qualify to bid ...” Jackson, Aff., Ex. B. On June 14, 2001, the foreclosure sale took place as scheduled under the direction of the Bank. Pearson Aff., 2. Approximately six bidders were present at the foreclosure sale. Pearson Aff., 2. However, the plaintiff was not in attendance. Hughes Aff., 10. After the auctioneer spoke with each attendee and made sure each had the proper funds, all of the potential bidders were qualified to bid. Hughes Aff., 10.
Pearson arrived in the middle of the auction, well after the bidding was underway, and asked to speak with the representatives of the Bank. Hughes Aff., 10. The plaintiff then spoke to Attorney Jackson and Leo Hughes, the Vice President of the Bank. During this conversation, Pearson offered to provide his car as collateral for repayment of the loan if the Bank would postpone the foreclosure sale. Hughes Aff., 11. The defendant refused to accept the car as collateral, and proceeded with the auction. The plaintiff then made an agreement with Mike Mouawad (“Mouawad”), an active bidder, in which Mouawad agreed either to loan the $5,000 in cash to the plaintiff or to endorse the $5,000 bank cashier’s check to the defendant at the plaintiffs direction so that he would be able to bid at the foreclosure sale. Mouawad Aff., 4. The plaintiff claims that he then attempted to bid $370,000 but the auctioneer, at the direction of Attorney Jackson and Leo Hughes, was instructed not to accept the plaintiff s bid. It is undisputed that the auctioneer accepted the $360,000 bid of Gerald B. MacGregor’s (“MacGregor”) as the highest bid. Pearson Aff, 4.
After the sale, MacGregor assigned his right to purchase the Property to Pearson.[1] However, Pearson was unable to secure the necessary financing in time to purchase the Property. Pearson then assigned his rights to his brother, Shawn Pearson.
DISCUSSION
This Court grants summary judgment where there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Cassesso v. Commissioner of Corrections, 390 Mass. 419-22, (1983); Community National Bank v. Dawes, 369 Mass. 550, 553 (1976); Mass.R.Civ.P. 56(c). The moving party bears the burden of affirmatively demonstrating that there is no genuine dispute of material fact on every relevant issue “even if he would have no burden on an issue if the case were to go to trial.” Pederson v. Time, Inc., 404 Mass. 14, 17 (1989), citing Attorney General v. Bailey, 386 Mass. 367, 371 (1982). Once the moving party establishes the absence of a triable issue, the non-moving party must respond and allege specific facts establishing the existence of a genuine issue of material fact in order to defeat the motion. Pederson, 404 Mass. at 17.
The plaintiff asserts that the defendant’s failure to accept the plaintiffs bid at the foreclosure constituted: a breached of their mortgage loan agreement, a breach of the covenant of good faith and fair dealing, chilling of the foreclosure sale, a breach of fiduciary duty, and an unfair or deceptive act or practice.[2] The plaintiff asserts that because he was authorized by Mouawad to use his $5,000 to place a bid he was a qualified bidder. Therefore, the auctioneer should have accepted his bid for $370,000 as the highest bid. The Bank’s representatives who were present at the foreclosure sale claim that the plaintiff did not make a bid at the foreclosure sale. This fact, although in dispute, is not a material one. Assuming that the plaintiff made a bid, the issue is whether the Bank or the auctioneer was aware of the agreement between Mouwad and the plaintiff. Even if Mouawad had agreed to loan Pearson his deposit, as the plaintiff asserts, there is no support in the record to show that the auctioneer or the defendant had actual notice of any agreement between Mouawad and Pearson. Since they did not know about the agreement, the auctioneer was justified in refusing to recognize a bid by Pearson, and in accepting MacGregor’s bid. The plaintiff failed to comply with the established terms of the foreclosure sale when he did not inform or show the auctioneer that he had at his disposal $5,000 to bid. Such a showing by the plaintiff, to the reasonable satisfaction of the auctioneer, was required before the plaintiff could become a qualified bidder.
In support of his motion for summary judgment, the plaintiff has filed three affidavits, in addition to his own, from Mary Anne Fitzsimmons (“Fitzsimmons”), Marlene Jaworski (“Jaworski”), and Mouawad, all of whom were active bidders at the foreclosure sale. Neither these affidavits nor the plaintiffs affidavit indicate that the Bank’s representatives or the auc *723 tioneer had knowledge of the agreement between Pearson and Mouawad.
Accordingly, all of the plaintiffs claims fail. There is no evidence that the defendant breached its mortgage agreement, as it was authorized to conduct the foreclosure sale due to the plaintiffs repeated delinquent payments. The defendant conducted the foreclosure sale according to the statutory mandate. The plaintiff does not present any evidence suggesting bad faith on behalf of the defendant, before or during the foreclosure sale. Thus, the defendant has not breached the fiduciary duty owed to the plaintiff. “(I]f the statutory norms . . . governing foreclosure of real estate mortgages have been adhered to, Massachusetts cases have generally regarded that as satisfying the fiduciary duly of a mortgagee to deal fairly with the mortgaged property, unless the mortgagee’s conduct manifested fraud, bad faith, or the absence of reasonable diligence in the foreclosure sale process.” Pemstein v. Stimpson, 36 Mass.App.Ct. 283, 286 (1994), citing Sandler v. Silk, 292 Mass. 493, 496 (1935) (citations omitted).
The auctioneer is entitled to enforce the terms of the sale. Bottomly v. Kabachnick, 13 Mass.App.Ct. 480, 484 (1982); Dennett v. Perkins, 214 Mass. 449, 450 (1913); Gilson v. Nesson, 208 Mass. 368, 371 (1911). In the present case, the terms contained in the foreclosure notice stated that potential bidders must have $5,000, in cash certified check or bank check, “at the time and place of the sale ... to qualify to bid.” Jackson, Aff., Ex. C. The defendant did not chill the foreclosure sale when it failed to honor the plaintiffs bid because the plaintiff was not a qualified bidder.
Similarly, the plaintiffs unfair or deceptive act or practice claim, pursuant to G.L.c. 93A, §9, must fail. The Bank complied with the foreclosure statute and there is no evidence that it violated G.L.c. 93A, §9.
ORDER
Stanton H. Pearson, Jr’s, motion for summary judgment is DENIED. The defendant’s cross motion for summary judgment is ALLOWED.

At oral argument, the parties appeared to agree that Pearson was to pay MacGregor $10,000 in consideration for the assignment. These facts are not mentioned in the summary judgment record, hut do not affect the outcome of this case.

Although not addressed in his summary judgment pleadings, in the plaintiffs amended complaint he raises additional claims: that the defendant conducted the foreclosure sale in breach of the postponement agreement, and that it also failed to give him notice of the foreclosure sale. These claims also fail, because there is no evidence on the record to support either claim. The postponement agreement was breached by the plaintiff when he failed to make the scheduled payments, and the plaintiff was properly notified of the foreclosure sale both by certified mail and publication in the local newspaper. G.L.c. 244, §14.