## CHARLES C. NICHOLS vs. LAFAYETTE NICHOLS.

Bristol.   Oct. 24, 1883. — Jan. 29, 1884.   FIELD & W. ALLEN, JJ., absent.

The release by a married woman of her right of dower in her husband's land is a good consideration for a promissory note, signed by him, payable to a third person, and given by him to her; and a divorce subsequently obtained by him from her, on account of her adultery, is not a failure of such consideration.

If a promissory note, payable on demand to a third person, and indorsed by the payee, is given by the maker to his wife, in consideration of her joining with him, in release of her right of dower, in a mortgage of his land, an action on the note may be maintained against the indorser, although the mortgage is outstanding and unpaid, and there has been no breach of its conditions.

During the deliberations of a jury, and in the absence of the presiding judge from the court, the officer in charge of the jury, upon being informed by the foreman that a juror was ill and required some brandy, saw the juror, thought him ill, and sent for and gave to the foreman two ounces of brandy. Afterwards another juror fell upon the floor in a fit, and the officer allowed a physician to administer to the juror, who recovered. The jury subsequently agreed upon a verdict. Upon a motion to set aside the verdict, the presiding judge found that the officer acted in entire good faith, and that the party against whom the verdict was given was in no way prejudiced by his acts. *Held*, that this court was not required, as matter of law, to set aside the verdict.

CONTRACT upon a promissory note for $3000, signed by J. F. Nichols, payable, on demand, to the order of the defendant, and by him indorsed, waiving demand and notice. Trial in this court, before *Colburn*, J., who allowed a bill of exceptions, in substance as follows:

There was evidence tending to show that the note was given by the maker, in consideration of his wife signing a mortgage deed with him, releasing her right of dower in certain land in Fall River, to secure a note of $6500 on six months; that the defendant indorsed the note in blank and delivered it to the maker, who was his brother, there being no consideration for it, so far as the defendant was concerned; and that afterwards the maker delivered the note to his wife, when she signed said mortgage.

The defendant contended that there was no consideration for the note. But the judge ruled that the signing of the mortgage deed releasing dower was a sufficient consideration for the note.

The defendant offered to show that, before this action was begun, the maker of the note obtained a divorce from his wife for the cause of adultery committed by her; and contended that

said divorce was a failure of the consideration for the note. But the judge ruled that the divorce was not a defence to the note.

The plaintiff was the son of the maker of the note and of his said wife, and it was not contended that he had paid anything for the note; but it was admitted that the same defences were open as would have been if his mother had been the plaintiff.

The defendant contended that the note was not payable, and that no action could be maintained until some breach of a condition of the mortgage; and asked the judge so to rule. But the judge declined so to rule, and ruled that an action could be maintained at any time after the waiver of demand and notice on the note.

The defendant also asked the judge to rule that, as the mortgage was still outstanding and unpaid, no action could be maintained by the plaintiff or by his mother upon the note; and that there was no consideration to support any such action upon the note, until breach of a condition of said mortgage, and foreclosure thereunder. But the judge declined so to rule, and ruled that the note was for a valuable consideration, upon which an action could be maintained at any time after the waiver of demand and notice on the note.

The jury returned a verdict for the plaintiff; and the defendant alleged exceptions.

The defendant subsequently moved to have the verdict set aside on account of the acts of the officer having the jury in charge. *Colburn*, J., overruled the motion, and reported the case for the consideration of the full court, in substance as follows:

The court was adjourned on Friday afternoon until Monday morning, the jury being left in charge of an officer, with instructions to discharge them if they did not agree by ten o'clock that evening, and, if they agreed, to have them seal their verdict and return it on Monday morning. The judge left town immediately after the adjournment of court. After the judge had left, the foreman of the jury told the officer that a juror was sick, had a chill, and required some brandy. The officer saw the juror, and thought him sick. He sent to a druggist and got a two-ounce vial of brandy and passed it to the foreman. Afterwards, another juror fell upon the floor in a fit, and the officer

sent for a physician, and allowed him to administer to such juror, who recovered. Subsequently, the jury agreed upon a verdict for the plaintiff, sealed it up, and were discharged, and returned the verdict to court on Monday morning.

The judge was satisfied that the officer acted in entire good faith, and that the defendant was in no way prejudiced by his acts.

If the ruling was right, the verdict was to stand; otherwise, the verdict to be set aside.

*E. L. Barney*, for the defendant, to the point that a new trial should have been granted, cited *Commonwealth* v. *Roby*, 12 Pick. 496; *People* v. *Douglass*, 4 Cow. 26; *Brant* v. *Fowler*, 7 Cow. 562; *State* v. *Baldy*, 17 Iowa, 39; *Ryan* v. *Harrow*, 27 Iowa, 494; *State* v. *Bullard*, 16 N. H. 139; *Leighton* v. *Sargent*, 31 N. H. 119; *Gregg* v. *McDaniel*, 4 Harring. (Del.) 367; *Wilson* v. *Abrahams*, 1 Hill, 207.

*J. Brown*, for the plaintiff.

C. ALLEN, J. The release of the inchoate right of dower in the mortgage was a good consideration for the promissory note. *Sykes* v. *Chadwick*, 18 Wall. 141. *Holmes* v. *Winchester*, 133 Mass. 140. The other rulings requested were rightly refused.

On the motion for a new trial, the presiding judge found as a fact, that the officer acted in entire good faith, and that the defendant was in no way prejudiced by his acts. Motions for a new trial are addressed to the discretion of the presiding judge. *Boston* v. *Robbins*, 116 Mass. 313. *Woodward* v. *Leavitt*, 107 Mass. 453, 460. His determination upon the matters of fact is not open to revision by us, nor is his decision overruling the motion, unless, as matter of law, he was required, upon the facts found, to set aside the verdict. *Brady* v. *American Print Works*, 119 Mass. 98, and cases cited. No other question is presented to us by the report in this case. In *Commonwealth* v. *Roby*, 12 Pick, 496, which was an indictment for murder, the decision related only to cider, the use of which by the jury was held not to be a cause for granting a new trial; and it was stated, as the result of the authorities then brought to the attention of the court, that, where ardent spirits have been used by the jury, it is proper to set aside the verdict. Since that decision, the question has often arisen in other jurisdictions, and the preponderance of

modern judicial opinion seems to be that taking spirits in moderate quantities as a beverage is not necessarily regarded as a legal cause for a new trial, unless it is shown that it operated injuriously. Many cases upon this subject are referred to by counsel, and others are collected in Whart. Crim. Pl. & Pr. §§ 731, 841. However this may be, we do not think the rules of law imperatively require us to hold that it is a legal cause for setting aside the verdict, .where a juror, who is seized with a sudden temporary indisposition, without the intervention or knowledge of either party to the suit, obtains and uses, merely for the relief of his disease or pain, a small quantity of spirits, and where it appears that he is not thereby disqualified for the due performance of his duty as a juror.

The question of the effect of the introduction of the physician into the jury-room, for the purpose of giving medical aid and relief to the juror, who appears to have stood in pressing need thereof, is not free from difficulty. It is, however, obvious that a merely temporary attack of sickness, though it may for the time being incapacitate the juror, is not a necessary ground for the discharge of the jury. It is proper, when the circumstances will admit, to await the result, and see if within a reasonable time he so far recovers as to enable the trial to proceed, or a verdict to be returned. If such sickness is brought to the attention of the court while the jury are deliberating on their verdict, and medical attendance appears to be necessary, the better way ordinarily would seem to be for the court to select a suitable physician, and to caution him in advance not to enter into any conversation with any of the jury upon the case, or upon any matter except such as may be directly connected with the needed relief for the disorder. The court must have the power, in its discretion, to allow suitable and necessary medicines and medical attendance to be furnished to the jury, and, indeed, it is its plain duty to see to it that such are furnished in case of urgent need. In the present case, the judge was not accessible at the time, but nothing appears to have been done differently from what might well have been ordered by him. The officer and the physician were both competent as witnesses to testify to the extent of their communications with the jury. There is no reason to suppose that either of them said anything to any juror

which in any way bore upon the case under consideration ; or that the course of substantial justice was to any extent perverted or disturbed by what occurred. This was a matter which it was especially for the presiding justice to investigate. We cannot say, as matter of law, that a new trial must necessarily be granted. It is not as if there had been a voluntary and gratuitous intrusion upon the deliberations of the jury, for the purpose of taking part therein or of listening thereto, with a submission on the part of the jury to such intrusion, so that their deliberations were voluntarily conducted by them in the presence of an unauthorized person, as was the case in *People* v. *Knapp*, 42 Mich. 267, 269. In the various emergencies which are liable to occur in the course of a protracted trial, irregularities must occur sometimes. While the court will always seek to guard against them, and especially to keep the jury as far as possible from all influences which can cast a suspicion upon the integrity of their verdict, it nevertheless ought not to be swift to grant a new trial on account of irregularities not attended with any intentional wrong, and where it is made satisfactorily to appear that the party complaining has not and could not have sustained any injury from them. *People* v. *Ransom*, 7 Wend. 417, 424. 1 Bish. Crim. Proc. § 1277, and cases there cited.                                   *Judgment on the verdict.*