## H. J. JOHNSON *vs.* E. C. WITT & another.
## TIMOTHY MERRICK *vs.* SAME.

Hampden. Sept. 23. — Nov. 5, 1884. C. ALLEN & COLBURN, JJ., absent.

During the trial of an action, a witness for the defendant, without his knowledge, approached two of the jurors and said to them, "You are on our case; keep your head level and do what is right." The jury returned a verdict for the plaintiff. *Held,* that the presiding judge was not required, as matter of law, to set aside the verdict.

At the hearing of a motion for a new trial, on the ground that, during the trial, jurors were approached improperly, outside of the jury-room, by a witness for one of the parties, although the testimony of the jurors is admissible to prove what such person said to them, it is not competent to prove by their testimony what effect was produced upon their minds.

TWO ACTIONS OF CONTRACT. The cases were tried together in the Superior Court, before *Pitman*, J.; and the jury returned a verdict for the plaintiff in each case. On motion of the defendants for a new trial, the judge ruled that they were not entitled, as matter of law, to have the verdicts set aside, and, in the exercise of his discretion, declined to grant the motions; and, at the request of the defendants, reported the cases for the determination of this court. The facts appear in the opinion.

*W. H. Brooks*, for the defendants.

*H. K. Hawes*, for the plaintiffs.

MORTON, C. J. As a general rule, a motion for a new trial is addressed to the discretion of the presiding judge. It has been held that an improper intermeddling with the jury by a party in whose favor a verdict is rendered, or by an officer of the court, will be a ground for a new trial; and that the law will not inquire what was the effect of such intermeddling, if it was of such a nature as to have any tendency to affect the verdict injuriously to the party against whom it is found. *Woodward* v. *Leavitt*, 107 Mass. 453, and cases cited. *Read* v. *Cambridge*, 124 Mass. 567. But the rule of law does not go so far as to make every intermeddling with the jury by a stranger a conclusive ground for a new trial.

In each of the cases before us, after a verdict was rendered for the plaintiff, a motion was made by the defendants for a new trial; and it was shown that, during the trial, one Allyn, a witness for the defendants, approached two of the jurors and said to them, " You are on our cases ; keep your head level and do what is right." This was done without the knowledge of the defendants. It is proper to say, to prevent misconstruction, that, while the testimony of the jurors was admissible to prove what Allyn said to them, as that took place out of the jury-room, it was not competent to prove by their testimony ·what effect was produced upon their minds. *Woodward* v. *Leavitt*, *ubi supra*.

The case presented is one of an improper intermeddling with jurors, not by the plaintiff or by an officer of the court, but by a stranger to the suit, who was a witness for the defendants. The remark made by him to the jurors was not in its nature calculated to prejudice either party. But his improper conduct in approaching the jurors may have tended to prejudice them against him, and thus impair his credit as a witness. In such a case, if the witness is an important one, and there is danger of a miscarriage of justice by reason of the misconduct of the witness, it is within the discretion of the presiding judge to order a new trial. But, on the other hand, it may appear to the presiding judge that the testimony was unimportant, and such as not to change the result if wholly excluded from consideration;

and, in such case, it would be unjust to deprive the plaintiff of his verdict, not for any fault of his or because justice requires it, but merely on account of misconduct on the part of his adversary's witness.

The law best guards the rights of both parties by giving to the presiding judge a discretion to grant or refuse a new trial, as substantial justice requires.

We are of opinion that the presiding judge of the Superior Court was not required by law to set aside the verdicts in these cases; and therefore that there must be

*Judgments on the verdicts.*