## COMMONWEALTH *vs.* TIMOTHY DESMOND.

Middlesex.	Jan. 29. — Feb. 25, 1886.	HOLMES & GARDNER, JJ., absent.

At the trial of an indictment for an assault with a dangerous weapon, it appeared that the assault was committed by the defendant, in his saloon, by discharging four bullets from a revolver, one of which wounded the person assaulted, and the others lodged in the floor and about the door of the saloon; and that the holes made by the bullets, and the interior arrangement of the saloon, were in the same condition at the time of the trial as at the time of the assault. After the adjournment of the court, the jury agreed upon and sealed up their verdict, and separated. At an early hour the next morning, before the opening of court, one of the jurors went to the defendant's saloon, and asked a person living near to show him the shots in the floor and about the door. The person showed the juror the saloon and the holes made by the bullets; and this was unknown to the defendant or his counsel until after the verdict was rendered. Upon the coming in of the court, a verdict of guilty, sealed up, was returned, affirmed, and recorded. At the hearing of a motion to set aside the verdict, upon the ground of the misconduct of the juror, the presiding judge found that the defendant was not prejudiced by the act of the juror. *Held*, that this court was not required, as matter of law, to set aside the verdict.

INDICTMENT for an assault with a dangerous weapon upon one Keenan. Trial in the Superior Court, before *Gardner*, J., who reported the case for the determination of this court, in substance as follows:

The government contended that the assault was committed by the defendant's discharging four bullets from a revolver at Keenan, one of which wounded him, while he was at or near the street door of the defendant's saloon in Cambridge, and while the defendant was in the saloon. It appeared that the shooting was done by the defendant in the manner above stated; that one of the bullets wounded Keenan, another entered the floor of the saloon, another the casing of the street door, and another the wall over the door; and that the marks or holes made by these bullets were, at the time of the trial, in the same condition as when first made.

Evidence was also introduced tending to show the size and shape of the saloon, which was one room, and the situation of the bar in the room; and that they were the same then as at the time the shooting took place.

The defendant admitted discharging the revolver four times, but justified on the ground of self-defence, and introduced evidence tending to show that, when he so discharged the revolver, he was behind the bar and had no means of escape; and that he was under reasonable apprehension that Keenan would inflict an assault on him on account of which his life was in danger, or that he should suffer grievous bodily injury.

The case was given to the jury about four o'clock in the afternoon, with directions that, if they agreed upon a verdict, they might seal it up and separate. The jury separated at eleven o'clock that night, and, upon the coming in of the court the next morning, a verdict of guilty, sealed up, was returned, and was regularly affirmed and recorded.

After the verdict was returned, the defendant moved to set aside the same, upon the ground of misconduct of the jury.

At the hearing upon this motion, the judge found that, after the verdict had been agreed upon and sealed up, and the jury had separated, one of the jury, at about six o'clock the next morning, and before the opening of the court, went to the saloon of the defendant, where the alleged assault took place, and asked a person living near, who had been a witness for the defendant at the trial, to show the juror the shots in the floor and about the door; that this person showed the juror the saloon, and the holes where the bullets had entered the floor

and about the door; and that this was unknown to the defendant or his counsel until after the verdict was rendered. The judge also found, upon the evidence introduced, that the defendant was not prejudiced by the act of the juror. The defendant asked the judge to rule that the verdict should be set aside on account of the conduct of the juror.

The judge refused to rule as requested, and overruled the motion to set aside the verdict.

If the rulings of the judge were right, the verdict was to stand; otherwise, to be set aside.

*W. B. Gale & J. W. McDonald*, for the defendant.

*E. J. Sherman*, Attorney General, for the Commonwealth.

W. ALLEN, J. The question is whether there was such misconduct on the part of the juror as to require the verdict to be set aside. To have this effect, it must appear that the misconduct was such as might have prejudiced the defendant. The presiding judge found as a fact that the defendant was not prejudiced by the act of the juror, and that finding is conclusive, unless the facts reported are inconsistent with it and show that it was erroneous in law. The act was done after the jury had agreed upon and sealed up their verdict, and separated by leave of the court. The juror might still refuse to assent to the verdict when it should be returned into court, and the argument for the defendant is that it cannot be known that the information which the juror acquired by his visit to the premises did not prevent him from refusing to confirm the verdict, and therefore it cannot be found that it did not prejudice the defendant.

A sufficient answer is, that it does not appear that the act of the juror had any reference to the verdict. The jury had finished their deliberations and agreed upon their verdict, which was afterwards returned into court and affirmed. There is no presumption or evidence that the juror questioned the correctness of the verdict which he had agreed to, or doubted whether he should assent to it, or sought information to settle his mind in regard to it. He did not change his mind, and there is nothing to show that he thought of changing it. From the facts stated, his visit to the premises described at the trial appears to have been to gratify curiosity in regard to a matter about which he

had acted, and not to get information in regard to a matter upon which he was to act. ˙ The facts do not show that the finding of the court was wrong. See *Commonwealth* v. *Roby*, 12 Pick. 496; *Nichols* v. *Nichols*, 136 Mass. 256; *Johnson* v. *Witt*, 138 Mass. 79; *Cowles* v. *Merchants*, 140 Mass. 377.

*Judgment on the verdict.*