COMMONWEALTH *vs.* MATTHEW GAGLE.

Essex.   November 7, 1888. — November 8, 1888.

Present: MORTON, C. J., FIELD, DEVENS, C. ALLEN, & KNOWLTON, JJ.

*Complaint for keeping Intoxicating Liquors — Temporary Separation of Jury — Motion for New Trial.*

In a criminal case, it is within the discretion of the Superior Court, after the jury has retired to consider its verdict, to permit a juror who is ill to remain in the jury-room under the charge of an officer, while the others withdraw for supper; and a verdict agreed upon after their return, there having been no discussion of the case during the interval, need not, as matter of law, be set aside.

COMPLAINT for keeping intoxicating liquors with intent unlawfully to sell the same in this Commonwealth. At the trial in the Superior Court, before *Sherman*, J., the jury returned a verdict of guilty. The defendant then filed a motion to set aside the verdict, for the reason that, " after the said cause was committed to the jury, and while the jury were deliberating on the case, the jury were allowed to separate, and did separate without agreeing on a verdict, and afterwards reassembled in the jury-room and deliberated further upon the case, and afterwards agreed upon a verdict."

At the hearing upon the motion the following facts appeared. The jury retired to consider their verdict, and, after being out several hours, the judge ordered supper to be furnished them; and as the officer was about to take the jurors out, one of their number complained that he did not feel well, and did not wish anything to eat or to go out to supper, and requested the judge to allow him to remain in the jury-room. The judge granted the request, and permitted the juror so to remain under charge of a court officer, while the other eleven went out to an eating saloon, some twenty rods from the court-house, and had supper under charge of other officers of the court, being absent from the jury-room from thirty to forty minutes. The officers in charge of the jurors did not hear them talk about the case, although with them all the time during their absence from their room, and upon their return the case was again considered, and a verdict agreed upon.

Upon these facts, the judge overruled the motion; and the defendant alleged exceptions.

*H. P. Moulton,* for the defendant.

*H. C. Bliss,* Assistant Attorney General, for the Commonwealth.

BY THE COURT. Upon the facts of this case the Superior Court was not required, as matter of law, to set aside the verdict. It was within the discretion of that court to permit one of the jurors to remain in the jury-room under charge of an officer while the other jurors went for their supper. It was a temporary separation for a sufficient cause, which in no way prejudiced the rights of the defendant.     *Exceptions overruled.*