CHEMICAL ELECTRIC LIGHT AND POWER COMPANY *vs.*
JAMES H. HOWARD.

Suffolk. November 18, 1889. — January 2, 1890.

Present: DEVENS, W. ALLEN, C. ALLEN, HOLMES, & KNOWLTON, JJ.

*Written Agreement — Extrinsic Evidence — Equitable Defence —*
*Conduct of Juror.*

After the construction by this court of a clause in a written agreement, evidence offered by one of the parties, at a subsequent trial, to prove that in point of fact they meant and intended something else, and that at the time of signing it they made an oral agreement different from and inconsistent with that construction, is incompetent.

A party is not entitled to offer oral evidence to vary a written instrument by virtue of the St. of 1883, c. 223, § 14, permitting equitable defences in actions at law, if it does not appear that the offer has reference to the rights conferred by that statute, or that any such question was either raised upon the pleadings or presented at the trial.

After the jury in a civil case had agreed upon a verdict and were returning to the court-room, a juror without the knowledge of any one separated from his fellows and went home. When his absence was discovered, the judge presiding at the trial instructed the officer in charge of the jury to keep the other jurors together in the court-room and to seek the missing juror and bring him back. This having been done, the verdict was rendered in the usual manner. At the hearing of a motion for a new trial, the juror was permitted to testify that he left the rest of the jury supposing that the court had adjourned, and that during his absence nothing occurred to influence him with regard to the case; and the judge found that his conduct worked no injury to the plaintiff. *Held,* that the verdict was not invalidated, and that the testimony of the juror was properly admitted.

CONTRACT upon a promissory note, dated April 23, 1886, made payable to the plaintiff and signed by the defendant, for

" the sum of one thousand dollars, value received, as per agreement executed this day." The answer contained a general denial, and set up a failure of consideration, and fraud. After the former decision, reported 148 Mass. 352, the case was tried in the Superior Court, before *Staples*, J., who allowed a bill of exceptions, which, so far as material to the points decided, was as follows.

The note was given in consideration of a written agreement, referred to in the note and called the " Howard Agreement," signed by the parties, in which the plaintiff agreed to assign an English patent numbered 1,956, invented by one Jarriant, to the defendant, one clause of such agreement being as follows: " It is understood and agreed that said English patent No. 1,956 is in full force and effect, otherwise said Howard is to be relieved from the payment of said one thousand dollars in cash under this agreement." The defence was that the patent was invalidated for want of novelty, and the only issue submitted to the jury was whether it was valid or invalid. The plaintiff offered to prove that by the words " in full force and effect," in the above clause, the parties meant and intended that such English patent had not lapsed for non-payment of fees, and that at the time of the execution of the written agreement the parties agreed that the defendant was not to pay the note if the patent had lapsed, and was to take his chances as to its validity; that the plaintiff would not attempt to enter into any litigation to maintain the patent; that, if the patent proved to be valid, the defendant was to make a further payment to the plaintiff out of his profits; and that the defendant did not know at the time that the patent fees had been paid. The judge refused to admit the evidence offered, and submitted the case, upon instructions not otherwise excepted to, to the jury, who returned a verdict for the defendant.

Subsequently, the plaintiff filed a motion for a new trial, on the ground of irregularity in the conduct of one of the jurors, and at a hearing thereon the following facts appeared. After the jury had agreed upon the verdict and were proceeding to the court-room in charge of an officer, one of the jurors, without the knowledge or consent of any one, separated from his fellow jurors and went home. When his absence was discovered, the

judge instructed the officer to keep the other jurors together in the court-room, and to go in search of the missing juror. The officer found him and brought him back to the court-room, where he took his place with the other jurors, and the verdict was then returned and affirmed in the usual form in open court. Neither the plaintiff nor its attorney, nor any one representing it, was present when the verdict was returned. The juror in question testified that he separated from the jury supposing that the court had adjourned, and that during his absence no one spoke to him, nor he to any one, in regard to the case, and that he was in no way influenced in regard to it. The judge found as a fact that the plaintiff had not been prejudiced by the conduct of the juror or the irregularity in question, and ruled, as matter of law, that the irregularity in the rendering of the verdict and in the proceedings of the jury was not fatal to the verdict, and denied the motion; and the plaintiff alleged exceptions.

*W. S. Rogers*, for the plaintiff.

*G. A. O. Ernst*, for the defendant.

C. ALLEN, J. The note in suit was given by the defendant in consideration of a written agreement by the plaintiff to assign to him an English patent, which was therein agreed to be " in full force and effect "; otherwise, the defendant was to be relieved from the payment of the note. The defendant contended that the patent was not in full force and effect. It has been heretofore determined by us, when this case came up before, that the meaning of the above words in the contract is, that the patent should be in " effect " in a sense that an American patent must be to obtain recognition in our courts, and that, if it should prove to be void for want of novelty or other cause, the defendant would be relieved from the payment of the note. *Chemical Electric Light & Power Co.* v. *Howard*, 148 Mass. 352. At the subsequent trial in the Superior Court the plaintiff offered to prove that in point of fact the parties meant and intended something else, namely, that the patent had not lapsed for nonpayment of fees, and that at the time of signing the written agreement they made an oral agreement which was different from and inconsistent with the construction put by us upon the words of the written agreement; but the evidence was properly excluded, since it was merely an attempt to vary the meaning of

the words of the written agreement, as heretofore ascertained and declared by the court. *Kelley* v. *Saltmarsh*, 146 Mass. 585. *Flynn* v. *Bourneuf*, 143 Mass. 277.

The plaintiff contends that he was entitled to introduce such evidence by virtue of the St. of 1883, c. 223, § 14, which provides that the plaintiff shall be entitled to avail himself, in answer to any defence alleged by the defendant, of any facts that would avoid such defence in equity, or would entitle the plaintiff to be absolutely and unconditionally relieved in equity against such defence; and of § 17, which provides that no action or suit shall be defeated on the ground that the relief sought can only be obtained by a suit in equity. But it does not appear that the plaintiff offered the evidence with reference to the rights conferred by this statute, or that any such question was either raised upon the pleadings or presented at the trial. *Squires* v. *Amherst*, 145 Mass. 192, 195.

The temporary separation of one of the jurors from his fellows, under the circumstances stated, was found to have worked no injury to the plaintiff, and was not fatal to the verdict. *Nichols* v. *Nichols*, 136 Mass. 256. *Commonwealth* v. *Desmond*, 141 Mass. 200. *Commonwealth* v. *Gagle*, 147 Mass. 576. *Burrill* v. *Phillips*, 1 Gallison, 360. The testimony of the juror was competent to show that nothing happened to affect or influence him while he was separated from his fellows. *Woodward* v. *Leavitt*, 107 Mass. 453, 467–471, and cases cited. *Johnson* v. *Witt*, 138 Mass. 79.

*Exceptions overruled.*