## COMMONWEALTH vs. MICHAEL McCAULEY.

Middlesex.   February 1, 1892. — February 25, 1892.

Present: FIELD, C. J., HOLMES, MORTON, LATHROP, & BARKER, JJ.

*Conduct of Juror.*

After the jury in a criminal case had agreed upon a verdict and were returning to the court-room, a juror, without the knowledge of any one, separated from his fellows and left the court-house to go to dinner.  When his absence was discovered, the presiding justice instructed the officer in charge of the jury to keep the other jurors together in the court-room, and to seek the missing juror and bring him back.  This having been done, a verdict of guilty was rendered in the usual manner, the defendant being present, but his counsel absent.  The presiding justice afterwards talked with the juror and the officer who went in search of him, and was satisfied that the juror had not during his absence conversed with any person in regard to the case, and found that the separation did not prejudice the defendant.  *Held*, on a motion to set aside the verdict and for a new trial, that the facts were not, as matter of law, inconsistent with the finding of the presiding justice, and that the verdict was not invalidated.

COMPLAINT under the Pub. Sts. c. 100, for the illegal keeping of intoxicating liquor. At the trial in the Superior Court, before *Braley*, J., it appeared that, after the jury had agreed upon a verdict and were returning to the court-room, a juror, without the knowledge of any one, separated from his fellows and left the court-house to go to dinner. When his absence was discovered, the presiding justice instructed the officer in charge of the jury to keep the other jurors together in the court-room, and to seek the missing juror and bring him back. This having been done, a verdict of guilty was rendered in the usual manner, the defendant being present, but his counsel absent. The presiding justice afterwards talked with the juror and the officer who went in search of him, and, being satisfied that the juror during his absence had not conversed with any person in regard to the case, found that the separation did not prejudice the defendant. The defendant filed a motion to set aside the verdict, and for a new trial:

"Because after the jury had retired to make up its verdict, and while the court was in session, and without the permission of the court, it separated before rendering said verdict."

The court overruled the motion, but before so doing asked the defendant's counsel if he desired to offer any evidence, or to prove that the defendant had been prejudiced by the separation of the jury, and was answered in the negative; thereupon no evidence was offered by either party. The defendant alleged exceptions.

*J. Cummings*, for the defendant.

*G. C. Travis*, First Assistant Attorney General, for the Commonwealth.

FIELD, C. J. For aught that appears, the separation of the juror from his fellows may have been for a few minutes only, and the circumstances may have been such as almost of themselves to preclude the possibility that the defendant had been prejudiced by it. The presiding justice found, on inquiry of the juror and of the officer who went in search of the juror, that the defendant had not been prejudiced by the separation. It is true that neither was specially sworn to make true answers to such questions as the justice might put to them, but the defendant, through his counsel, at the hearing of the motion for a new trial, offered

no evidence of any prejudice, and did not request the court to have the juror and the officer sworn and re-examined. In the absence of such a request, we think that the court had a right to consider the statements of the officer and of the juror. The facts stated in the exceptions are not, as matter of law, inconsistent with the finding of the presiding justice. *Commonwealth* v. *Desmond*, 141 Mass. 200. *Chemical Electric Light & Power Co.* v. *Howard*, 150 Mass. 495.     *Exceptions overruled.*