COMMONWEALTH *vs.* AUGUST HEDEN.

Suffolk.   December 6, 1894. — January 1, 1895.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, & LATHROP, JJ.

*Sending Word to Jury through Officer in Charge — Separation of Jury after Reassembling.*

On the trial of an indictment for manslaughter, there is no error in sending word to the jury through the officer in charge of them, that, upon agreeing upon a verdict, they might put it in writing and separate, nor in permitting the jury after reassembling at the hour to which the court was adjourned to separate a second time, in order to allow the foreman to go home for the verdict, which he had accidentally left there.

INDICTMENT for manslaughter.   Trial in the Superior Court, before *Sheldon,* J., who, after a verdict of guilty, reported the

case for the determination of this court, in substance as follows.

The case was given to the jury Friday afternoon, June 15 ; and the jury had not agreed at the time of adjournment for the day. They were directed, if they then agreed, to reduce the verdict to writing, sign it by their foreman, seal it up, and return it into court on the next Tuesday morning, to which time the court was adjourned. This direction was given through the officer in charge of them, without the knowledge of the defendant. Tuesday morning the jury, which had in the mean time, under the direction of the court, separated and left the court-house, reassembled in their seats. The defendant objected to any verdict being received, which objection was overruled. The clerk asked the jury if they had agreed upon a verdict. The foreman answered "Yes," and handed to the clerk a sealed envelope, which when opened was found to contain private papers belonging to the foreman, but no verdict. The foreman then stated, in presence of the whole jury, that the verdict had been agreed upon, written out, and signed by him and sealed up in an envelope before the separation of the jury ; that he had then carried this envelope home, and put it still sealed up into his safe in his house for safe keeping, because he did not wish to carry it about for three days ; that he had by mistake brought another similar envelope from his safe to court that morning, and that the sealed envelope containing the verdict was still in his safe. The judge then excused the jury for half an hour, and directed the foreman to go and get the verdict and bring it into court, which he did. The jury reassembled at the appointed time, and the foreman produced a sealed envelope, which, in answer to questions put to him by the judge in presence of the whole jury, he stated contained the verdict ; that this verdict was agreed to by all the jury, and was reduced to writing, and signed and sealed up by him before the separation of the jury ; that it had been in his personal custody or in his safe ever since, unopened and unchanged. The clerk then asked the jury if they had agreed upon a verdict ; the foreman answered that they had, and the clerk thereupon opened the last mentioned sealed envelope, which contained a written verdict of guilty, in the usual form. The clerk then asked whether the defendant was guilty or not guilty ;

the foreman answered, " Guilty " ; and the clerk proclaimed the verdict in the usual manner. All these proceedings were in the presence and against the objection of the defendant. At the request of the defendant, the jury was then polled, and each juror separately affirmed the verdict. Both envelopes were of the same size and color, without any marks or writing upon them, and both were in the safe. The judge ordered the verdict of guilty to be received and recorded ; and, at the request of the defendant, reported the question of law involved for the determination of this court. If the judge was not warranted in ordering the verdict to be received and recorded, or if the defendant's objection to receiving any verdict should have been sustained, then the verdict was to be set aside; otherwise to stand.

*T. Riley,* for the defendant.

*M. J. Sughrue,* First Assistant District Attorney, for the Commonwealth.

ALLEN, J.   The defendant's first objection is, not that the jury were allowed to separate after agreeing upon their verdict, etc., but that the permission to do so was communicated to them through the officer in charge of them, instead of their being so told by the presiding justice in open court. It is well settled that instructions to the jury upon the substance of the case must be given only in open court. *Kullberg* v. *O'Donnell,* 158 Mass. 405. *Read* v. *Cambridge,* 124 Mass. 567. It is also well settled that in criminal cases, not capital, as well as in civil cases, the jury may be allowed to seal up their verdict and separate, when they agree during an adjournment of the court, and may come in and affirm the verdict at the next opening of the court. *Commonwealth* v. *Costello,* 128 Mass. 88. By common practice, this permission has been given to juries after adjournment through the officer in charge, as was done in *Chapman* v. *Coffin,* 14 Gray, 454, and *Commonwealth* v. *Carrington,* 116 Mass. 37. In the latter case the point was taken that the court could not give such permission through the officer. We see no objection to this practice.

The next objection is that there was error in permitting the second separation of the jury, and that the verdict could not properly be received thereafter. But there was no error in the course pursued by the presiding justice. Since by accident the

foreman had left the verdict at home, it was desirable, if not necessary, to get it. This might be important to preserve even the defendant's rights. The mere separation of the jury is not fatal to the rendering of a verdict. In the present case, obviously, the defendant was not prejudiced. *Commonwealth* v. *McCauley*, 156 Mass. 49. *Chemical Electric Light & Power Co.* v. *Howard*, 150 Mass. 495. *Commonwealth* v. *Gagle*, 147 Mass. 576. *Commonwealth* v. *Desmond*, 141 Mass. 200. *Nichols* v. *Nichols*, 136 Mass. 256.        *Verdict to stand.*