JOSEPH W. REILLY *vs.* BOSTON ELEVATED RAILWAY
COMPANY.

Suffolk.   March 15, 1910. — May 18, 1910.

Present: KNOWLTON, C. J., HAMMOND, LORING, BRALEY, & RUGG, JJ.

*Practice, Civil,* Verdict, New trial.

Where the verdict of a jury consists of a general verdict and answers to specific
   questions, the answers to the specific questions must be considered as parts of
   the whole verdict, and if they are necessarily inconsistent with the general
   verdict, the verdict is erroneous in law and must be set aside.

At the trial of an action against a corporation operating a street railway, for per-
   sonal injuries alleged to have been received by the plaintiff, while travelling as
   a passenger in a car of the defendant, by reason of a collision of the car with a
   cart in the street, whereby the plaintiff suddenly was moved forward, the plain-
   tiff testified that he was thrown from his seat toward the middle of the car by
   the force of the collision.   There was much dispute between the parties as to
   the extent of the plaintiff's injuries and as to whether he was thrown to the
   floor.   At the time of the trial the plaintiff was suffering from an incurable dis-
   ease of the spinal cord, which he contended was caused entirely by his injuries,
   and which the defendant contended was due entirely to other causes.   There
   was testimony from which the jury might have found that the disease was due
   in part to conditions existing before the accident and in part to the aggravation
   of these conditions and to changes produced by the injury.   In submitting the
   case to the jury the presiding judge directed them to return a general verdict
   and also to answer two questions, which he told them they might answer " Yes "
   or "No" simply, or in any other form of words which was satisfactory to the
   jury.   The jury returned a general verdict for the plaintiff in the sum of
   $3,000.   To the first question " Was the plaintiff thrown from his seat toward
   the middle of the car by the collision ? " the jury answered " No."   Upon the
   second question "Is the present condition of the plaintiff due to violence re-
   ceived at the time of the collision ? " the jury disagreed.   The plaintiff moved
   to set aside the verdict in his favor and for a new trial, substantially on the
   ground that the disagreement of the jury upon the second question was in-
   consistent with the return of an agreed sum for damages.   At the hearing
   upon the motion the judge found that one of the main questions in the case
   was whether the permanently diseased condition of the plaintiff's spinal cord was
   due to violence inflicted at the time of the collision.   He found that upon all the
   evidence in the case, taking also into account the answer of the jury to the first
   question, " the jury would scarcely be justified in finding as a fact that the
   plaintiff's present condition was due to such violence as could reasonably be
   found to have been inflicted upon him at the time of the collision."   He then
   continued as follows: " On the other hand, it was reasonably permissible for the
   jury to find that the violence actually received by the plaintiff at the time of
   the collision, acting upon a latent existing but hitherto unsuspected diseased
   condition of the spine, was in some degree the cause of the plaintiff's present
   condition.   The jury might reasonably have been unanimously agreed upon

this view of the plaintiff's case, while it might be a matter of difficulty to state their view in writing in such a form as to command the assent of each juror." The judge denied the plaintiff's motion and refused to set aside the verdict. *Held*, that the findings of the judge were warranted by the evidence; and that the failure of the jury to agree upon the form of an answer to the second question did not show that they failed to agree in substance upon all the elements that necessarily enter into a proper assessment of damages, so that there was no error of law in the refusal of the judge to set aside the verdict as inconsistent.

Where a presiding judge has submitted a case to a jury with instructions to return a general verdict and to answer two questions framed for them by him, if the jury agree upon a general verdict and upon an answer to one of the questions before the time at which an officer of the court has been directed to permit them to separate if they then have failed to agree, and afterwards, with the consent of the officer, spend a few minutes more upon the second question and then sign their disagreement upon it, and if the officer, thinking that there has been no agreement, puts the general verdict and the answers to the questions in an unsealed envelope and lays it upon the desk of the clerk of the court, where it remains until the following morning, when he hands the envelope to the foreman of the jury in order that the verdict may be returned to the judge, and afterwards the general verdict is found to be a valid one in spite of the failure of the jury to agree upon an answer to the second question, all parties having acted in good faith and there being no reason to suppose that the mistake of the officer in leaving the papers unsealed on the desk of the clerk until morning injuriously affected the rights of either party, this affords no ground for setting aside the verdict and granting a new trial.

KNOWLTON, C. J.    The questions in this case come before us upon exceptions taken at the hearing * upon the plaintiff's motion for a new trial. The jury had returned a verdict for $3,000 in his favor, upon a declaration in an action of tort, for an injury received in a collision between one of the defendant's cars and a cart, whereby the plaintiff, who was a passenger in the car, was suddenly moved forward, and, as he contended, was thrown down from his seat upon the floor of the car. †    There was much dispute between the parties as to the extent of his injury and as to whether he was thrown upon the floor. At the time of the trial he was suffering from an incurable disease of the spinal cord, which he contended was entirely caused by the injury, and which the defendant contended was due entirely to other causes. There was testimony from which the jury might have found that it was due in part to conditions existing before the accident and

---

* Before *Schofield*, J., the trial judge.

† The car was a closed one with seats running lengthwise on each side. The plaintiff testified that he was thrown from his seat toward the middle of the car by the force of the collision.

in part to the aggravation of these conditions and to changes produced by the injury.

In submitting the case to the jury the judge directed them to return a general verdict, and also to answer two questions, as follows:

"1. Was the plaintiff thrown from his seat toward the middle of the car by the collision?

"2. Is the present condition of the plaintiff due to violence received at the time of the collision?"

In connection with the first question the judge said: "The form of the answer I shall not attempt to prescribe for the jury; the jury will make such answer as to the jury seems proper. . . . You may answer Yes or No, or in any other form of words which expresses the response of the jury to the question." In connection with the second question the judge said of the answer: "It may be Yes or No simply, or with any addition which the jury think should be added to a simple Yes or No, or in any other form whatever which is satisfactory to the jury." The jury returned a general verdict for the plaintiff for $3,000, and to the first question answered "No," and to the second question answered "Disagree."

A motion to set aside the verdict and grant a new trial was filed on eight different grounds, stated at length, but those which present a substantial question of law may be summarized as being, in substance, although expressed in different forms, that the answer to the second question was inconsistent with the proper and lawful return of a general verdict for an agreed sum as damages.

The answers must be considered as parts of the whole verdict, and if different parts of it are necessarily inconsistent with one another, it is erroneous in law, and must be set aside. *Lufkin v. Hitchcock*, 194 Mass. 231. *Wakefield v. Wakefield Water Co.* 182 Mass. 429.

The judge found at the hearing that one of the main questions in the case was whether the permanently diseased condition of the spinal cord was due to violence inflicted at the time of the collision. A general agreement of the jury as to the extent of the injury caused by the collision was essential to a return of a proper verdict as to the amount of the damages, and this

would involve a substantial agreement as to the elements of damage resulting from the injury. Upon the evidence in this case a disagreement upon the second question, without more, would imply that the jury could not agree upon the damages, and especially that they could not agree upon the facts and elements that would enter into a proper finding of the amount of the damages. On the other hand, the general verdict shows that the jury, under proper instructions, did in fact agree upon the amount of damages. Moreover, it appeared at the hearing upon another branch of the motion for a new trial, that the jury had agreed upon their general verdict and upon their answer "No" to the first question, before the time at which the officer had been directed to permit them to separate if they had then failed to agree, and that afterwards, with the consent of the officer, they spent a few minutes more upon the last question, and then signed their disagreement upon it. The finding of the judge was in part as follows : "A third view was permissible on the evidence, and was argued to the jury. Dr. Edward W. Taylor, called in behalf of the defendant, testified in substance that the violence which the plaintiff received might have tended to increase to a certain degree an already latent process. Upon all the evidence in the case, taking into account also upon this motion the answer of the jury to the first question submitted to them, it seems to the court that the jury would scarcely be justified in finding as a fact that the plaintiff's present condition was due to such violence as could reasonably be found to have been inflicted upon him at the time of the collision. On the other hand, it was reasonably permissible for the jury to find that the violence actually received by the plaintiff at the time of the collision, acting upon a latent existing but hitherto unsuspected diseased condition of the spine, was in some degree the cause of the plaintiff's present condition. The jury might reasonably have been unanimously agreed upon this view of the plaintiff's case, while it might be a matter of difficulty to state their view in writing in such a form as to command the assent of each juror. It seems to the court fair to assume, in favor of the regularity of the action of the jury, that when they agreed upon the sum of $3,000 as a proper award of damages upon all the evidence, and returned that sum as their award in open court,

there was some view of the extent of the plaintiff's injuries due to the collision, in which they were agreed, and for which they deemed that $3,000 was a proper assessment of damages.   Upon the evidence and fact found by the jury such a view is readily suggested, and the court does not feel required as matter of law nor as a matter of discretion to set the verdict aside."

This finding seems well warranted by the evidence.   When we keep in mind the direction of the judge as to the answer to the second question, and the difficulty of framing an answer which would express with accuracy, to the satisfaction of all the different jurors, the particulars in which the present condition of the plaintiff was due to violence received at the time of the collision, and the particulars in which it was not caused or affected thereby, and the extent and degree to which the present condition was due to violence, although the jury might be in agreement as to the general effect of the violence and the impairment produced by it, we do not think that the failure of the jury to agree upon the form of an answer, shows that they did not agree in substance upon all the elements that necessarily enter into a proper assessment of damages.   There was no error of law in the refusal of the judge to set aside the verdict on this ground.   *Wakefield* v. *Wakefield Water Co.* 182 Mass. 429.   *Florence Machine Co.* v. *Daggett,* 135 Mass. 582.   *Sutherland* v. *Standard Ins. Co.* 87 Iowa, 505, 513.   *Chicago & Northwestern Railway* v. *Dunleavy,* 129 Ill. 132, 148.   *Schneider* v. *Chicago, Burlington & Northern Railroad,* 42 Minn. 68.

Another ground on which the plaintiff moved for a new trial was that the " verdict was irregularly and improperly found, returned, received and recorded."

It is apparent that all parties acted in good faith after the jury went out, and there is no reason to suppose that the mistake of the officer, in thinking that there had been no agreement and in leaving the papers unsealed upon the desk of the clerk of the court until morning,* injuriously affected the rights of either

---

* An affidavit of one of the counsel for the plaintiff in support of the motion for a new trial stated that such counsel made inquiry of Robert McLeish, the court officer in charge of the jury in the case of Joseph W. Reilly, regarding the custody of the verdict, and that the officer told him that in accordance with his instructions he, late at night, took the papers

party. Without discussing the facts found by the judge, we are of opinion that the irregularities were not such as made it his duty to set aside the verdict. See *Commonwealth* v. *Carrington*, 116 Mass. 37; *Nichols* v. *Nichols*, 136 Mass. 256; *Commonwealth* v. *Desmond*, 141 Mass. 200; *Commonwealth* v. *Slattery*, 147 Mass. 423; *Commonwealth* v. *Gagle*, 147 Mass. 576; *Commonwealth* v. *Heden*, 162 Mass. 521; *Commonwealth* v. *Edgerton*, 200 Mass. 318; *Commonwealth* v. *McCauley*, 156 Mass. 49.

*Exceptions overruled.*

*D. H. Coakley*, *R. H. Sherman*, *& W. Flaherty*, for the plaintiff, submitted a brief.

*S. H. E. Freund*, (*E. P. Saltonstall* with him,) for the defendant.

<hr>

including the formal verdict and answers from the foreman of the jury and put them in an unsealed envelope which he laid upon the clerk's desk, where, so far as the officer knew, the papers remained until the following morning, when, after a conference with the court, he handed the envelope to the foreman of the jury in order that the verdict might be offered to the court.