GEORGE S. HILL *vs.* REECE BUTTONHOLE MACHINE COMPANY.

Suffolk.    February 6, 1918. — February 28, 1918.

Present: RUGG, C. J., DE COURCY, CROSBY, PIERCE, & CARROLL, JJ.

*Limitations, Statute of. Contract,* In writing. *Practice, Civil,* Setting aside inconsistent answers by jury to special questions.

In an action for a bonus or extra compensation for services rendered, the defendant pleaded the statute of limitations. It appeared that the defendant agreed to pay the plaintiff a bonus of $1,000 if he "should succeed in improving [by] a patentable device, the defendant's 'new style' cloth buttonhole machine, so as to perfect the same and make it a success, or if he, at his option should invent and build a new patentable cloth buttonhole machine." It further appeared that the plaintiff invented an improvement on the defendant's "new style" machine which was patented more than six years before the date of the writ, and that he also invented an entirely new machine which was patented within six years before the date of the writ, and that at the time that the improvement to the defendant's existing machine was patented the plaintiff was at work on the new machine which then had not been tested. *Held,* that it could not be ruled as matter of law that, when the plaintiff's improvement on the defendant's existing machine was patented, the plaintiff exercised his option

by electing to earn the bonus of $1,000 on that improvement, and that it was for the jury to determine on the evidence as a matter of fact, whether the plaintiff had decided upon the invention of the new machine as a fulfilment of his agreement, and that, if he had, his claim was not barred by the statute of limitations. In the case described above it appeared that the contract sued upon was an oral one, although a condensed written statement of it, which did not embody the whole of the contract between the parties, was prepared for record in the Patent Office, and it was *held,* that this written statement was not a contract in writing which precluded the plaintiff from recovering on the oral agreement.

A presiding judge, who has submitted special questions to the jury, has discretionary power to set aside answers of the jury which are clearly inconsistent so that it cannot be said which of them is true without entering upon the province of the jury.

CONTRACT for $4,000, with interest from November 29, 1902, alleged to be due to the plaintiff as extra compensation for services rendered by the plaintiff "In perfecting old machine and building new one for making buttonholes on cloth, as per agreement, $1,000" and "For inventing and building buttonhole machine, as per agreement, $3,000." Writ dated November 21, 1908.

In the Superior Court the case was tried before *Hitchcock,* J. The material evidence is described in the opinion.

At the close of the evidence the judge submitted to the jury ten special questions, which with the answers of the jury were as follows:

"1. Did the defendant, through Mr. Shea or Mr. Cady or either or both, at the time of the last employment of the plaintiff, agree to pay him $1,000 in addition to his weekly salary if he, the plaintiff, should succeed in improving [by] a patentable device, the defendant's 'new style' cloth buttonhole machine, so as to perfect the same and make it a success, or if he, at his option should invent and build a new patentable cloth buttonhole machine?" The jury answered, "Yes."

"2. Did the defendant, through Mr. Shea or Mr. Cady or either or both of them, at the time of the last employment of the plaintiff, agree to pay him the sum of $3,000, in addition to his weekly salary, if he would invent and build a patentable buttonhole machine that would not infringe any Reece patents already granted, and which would compete with a buttonhole machine that the Singer Manufacturing Company was about to build?" The jury answered, "Yes."

"3. Did the defendant by its officers agree with the plaintiff as set forth in the foregoing questions, at any time after the agreement, dated October 12, 1900, was signed?" The jury answered, "Yes."

"4. If either of said agreements were made, when were the said sums to become due and payable?" The jury answered, "February 11, 1902."

"5. Did the plaintiff make an invention that perfected and improved the 'new style' buttonhole machine so as to make it a success for working on cloth?" The jury answered, "Yes."

"6. Did the plaintiff invent and build a new cloth buttonhole machine?" The jury answered, "No."

"7. Did the plaintiff invent the idea of the machine with under needle offset from the centre of rotation, as described in the patent issued to Reece and Shea, administrators, February 11, 1902?" The jury answered, "Yes."

"8. Was the patent issued November 18, 1902, a patent for an improvement on the 'new style' buttonhole machine?" The jury answered, "Yes."

"9. Was the patent issued November 25, 1902, a patent for a new cloth buttonhole machine invented by the plaintiff in accordance with the terms of the oral agreement between the plaintiff and the defendant? The jury answered, "Yes."

"10. Was the patent issued March 24, 1903, a patent for an invention made by the plaintiff which forms a part, either by way of improvement upon or supplement to the invention for which a patent was issued November 25, 1902, so that the two inventions together make a complete buttonhole machine?" The jury answered, "Yes."

When the jury returned the answers to the questions, the judge said, "Now, Mr. Foreman, in view of your answer to the question 'If either of said agreements were made when were the said sums to become due and payable?' the answer being February 11, 1902, under the rule of law which we call the statute of limitations, it is considerably more than six years prior to the date of the writ. Therefore I ask you now to return a verdict, generally, for the defendant." The jury in accordance with this direction of the judge returned a verdict for the defendant.

The verdict was returned on October 17, 1916, and within

three days thereafter the plaintiff filed a motion to set aside the answer of the jury to the fourth question on the ground that it was not responsive to the question and on the ground that the answer was against the evidence and the weight of the evidence; and also to set aside the answer of the jury to the sixth question on the ground that the answer was against the evidence and the weight of the evidence and was inconsistent with the answer to the ninth and tenth questions. The plaintiff also filed a motion that the judge direct a verdict for the plaintiff on the answers which were responsive to the questions. A hearing on these motions was had, and later the defendant filed a motion that the answers of the jury to the first, second, third, fifth, seventh, eighth, ninth and tenth questions be set aside and disallowed on the ground that the answers and findings were against the evidence and the weight of the evidence. The judge granted the plaintiff's motion to set aside the answers to the fourth and sixth questions, and denied the plaintiff's motion that a verdict be ordered on the answers of the jury in the sum of $4,000 with interest from November 29, 1902, and on the same day, on the defendant's motion mentioned above to set aside the answers to various questions, on which no hearing ever was had, the judge set aside the answers of the jury to the ninth and tenth questions, and allowed to stand the answers to the first, second, third, fifth, seventh and eighth questions. In rendering his decision on these motions the judge filed the following memorandum:

"In this case three motions have been filed, as follows:

"1. Motion by the plaintiff to set aside the answers of the jury to questions 4 and 6.

"2. Motion by the plaintiff to set aside the verdict ordered by the court and to direct a verdict for the plaintiff.

"3. Motion by the defendant to set aside the answers of the jury to questions 1, 2, 3, 5, 7, 8, 9 and 10.

"The answers of the jury to question 4 cannot be true, as the only claim made by the plaintiff was that he was entitled to the sums claimed only after both inventions had been made and patents issued thereon, and it was admitted that only one patent had been granted on February 11, 1902. The answer was also not responsive to the question, as it was intended by the court to be propounded.

"The answer to question 4 should be set aside for the reason given, and it is so ordered.

"The answer to question 6 is clearly inconsistent with the answers to questions 9 and 10. Manifestly both cannot be true, and it is impossible to say which should stand without trenching on the province of the jury. The answers to questions 6, 9 and 10 should be set aside for the reason given, and it is so ordered.

"There was evidence which would justify the jury in finding as they did in answers to the remaining questions, to the effect that an agreement was made between the plaintiff and the defendant as claimed by the plaintiff and that the plaintiff under said agreement invented the idea for the machine for which a patent was granted on February 11, 1902, to Reece and Shea, administrators, and also made the invention that perfected and improved the 'new style' buttonhole machine so as to make it a success for working on cloth, for which a patent was granted on November 18, 1902. The answers to questions 1, 2, 3, 5, 7 and 8 should stand, and it is so ordered.

"There were but two principal issues in the case and upon which it was tried.

"1. Was the agreement made between the parties as claimed by the plaintiff?

"2. Is the action barred by the statute of limitations?

"The general verdict was ordered by the court in the following language: [as quoted on page 546.]

"The answer of the jury to the question referred to being set aside, I am still of the opinion that the answers which are not set aside justify the ordering of the verdict for the defendant, and that the plaintiff's action is barred by the statute of limitations.

"The motion of the plaintiff to set aside the verdict ordered by the court and to direct a verdict for the plaintiff is therefore denied.

"In so far as discretion is a factor in passing upon these motions, the foregoing orders are made in the exercise of such discretion as well as for the reasons given."

The plaintiff alleged exceptions.

*J. Cavanagh,* (*I. C. Hersey* with him,) for the plaintiff.

*S. L. Whipple & L. Withington,* for the defendant.

DE COURCY, J.   The plaintiff seeks to recover $4,000, extra compensation in the nature of bonuses, for services rendered to

the defendant in inventing certain patentable buttonhole machines. It is settled by the answers of the jury that the defendant agreed to pay him $3,000, in addition to his weekly salary, if he should invent and build a buttonhole machine on mechanical principles different from those embodied in the Reece patents; also that it would pay him a bonus of $1,000 if he should improve the defendant's "new style" buttonhole machine so that it would work successfully on cloth, — or (at his option) should build them an entirely new cloth buttonhole machine. And there was evidence that neither of these sums should be payable until both patents were granted.

The plaintiff built a buttonhole machine different in principle from the Reece machines; and a patent therefor was issued to Reece and Shea, administrators, February 11, 1902. On November 18, 1902, a patent was issued for improvements in the "new style" machines, on an application filed on February 20 of that year. The plaintiff had filed an application earlier, namely on February 5, 1902, for a patent on an entirely new cloth buttonhole machine; but the patent was not issued until November 25, 1902, and a supplemental patent not until March 24, 1903.

One of the questions submitted to the jury was, "4. If either of said agreements were made, when were the said sums to become due and payable?" and they answered "February 11, 1902." As that was more than six years before the date of the writ (November 21, 1908), the judge directed a verdict for the defendant, based on the statute of limitations. Later, on the plaintiff's motion, the answer to question 4 was set aside; but the judge allowed the verdict for the defendant to stand.

The main question before us is, whether there was error in ordering a verdict for the defendant. If the plaintiff's cause of action accrued on November 18, 1902, when the patent was issued for improvements in the "new style" machine, the statute had barred the claim three days before the writ was brought. But the plaintiff had the election of earning the $1,000 by either inventing an improvement in the "new style" machine, or inventing the entirely new machine, which was not patented until November 25, 1902, and March 24, 1903. And it cannot be said as matter of law that he had made an election. He was testing the new machine in the experimental room on the Monday before

the Saturday (November 29, 1902,) when he left the defendant's employ; and the defendant's treasurer then expressed an opinion that it could not be bought for $250,000. On the evidence it was for the jury to determine, as matter of fact, whether the plaintiff had decided upon the invention of the new machine as a fulfilment of his agreement; and, if he did, his claim was not barred by the statute of limitations.

The defendant argues also that the written agreement of October 12, 1900, precludes the plaintiff· from recovering upon the oral agreement. But there was evidence that this written agreement was not intended to embody all the contract between the parties, and was only prepared for record in the Patent Office.

On the motion of the plaintiff, the judge set aside the answer of the jury to the fourth question as unwarranted and not responsive. As the answer to the sixth question was clearly inconsistent with the answers to the ninth and tenth questions, and it could not be said which was true without entering upon the province of the jury, the judge properly set aside the three answers. This action was within the discretionary power of the court, even upon its own motion. *Reilly* v. *Boston Elevated Railway,* 206 Mass. 53. *Edwards* v. *Willey,* 218 Mass. 363, 367.

As there was error in directing a verdict for the defendant, the entry must be

*Exceptions sustained.*