LENNOX & BRIGGS CO. *vs.* THE FIRST NATIONAL BANK OF BOSTON & others.

SAME *vs.* THE FIRST NATIONAL BANK OF BOSTON.

SAME *vs.* BEACON TRUST COMPANY.

Suffolk.   November 13, 1935. — January 2, 1936.

Present: CROSBY, FIELD, DONAHUE, & QUA, JJ.

*Practice, Civil,* New trial, Notice of decision.

It did not as matter of law require the granting of the plaintiff's motion for a new trial of an action heard without jury, that the judge, after full consideration of the case and the making of his findings and rulings, but before their formal filing, had casually intimated to counsel for the defendant that the decision would be in his favor and had not notified the plaintiff's counsel until three days later, if the judge, though imprudent, acted innocently, no negotiation between the parties was pending and no damage to the plaintiff was shown.

THREE ACTIONS OF TORT. Writs in the Municipal Court of the City of Boston dated September 27, 1933.

The motions by the plaintiff for new trial described in the opinion were heard in the Municipal Court by *Bolster,* C.J., and were denied. Reports to the Appellate Division were ordered dismissed. The plaintiff appealed.

*W. G. Todd,* for the plaintiff.

*W. F. Farr,* (*C. B. Rugg, S. H. Pillsbury, H. F. Fanning, & J. M. Raymond* with him,) for the defendants.

QUA, J.   These three actions of tort for conspiracy to destroy the plaintiff's business and for wrongful appropria-

tion of the plaintiff's moneys on deposit were tried together on the merits before a judge of the Municipal Court of the City of Boston, who found for the defendants. Thereafter the plaintiff moved for a new trial in each case on the ground that before the filing of his findings the trial judge had given information to counsel for certain defendants that he had arrived at a decision in favor of the defendants; and that counsel for the plaintiff first learned of this three days later through an inadvertent statement of one of the associate counsel for the defendants.

The motions for a new trial were heard by the chief justice of the Municipal Court at the request of the judge who had presided at the trial. The cases are here by reason of the refusal of the chief justice to grant the plaintiff's requests for rulings to the effect that the conduct of the judge in disclosing his intended decision to the defendants without a similar disclosure to the plaintiff was unjustified and improper and that a new trial must be granted as matter of law.

Material findings of fact by the chief justice of the Municipal Court are these: The cases were on trial almost continuously for nearly two months, ending January 10, 1935. At the close of the trial, in view of its length and of the many matters involved and of the difficulty of preparing a draft report for the Appellate Division within the time allowed, all parties informally agreed that when the trial judge had his decision ready he would let the parties know. By February 5 the trial judge had indorsed his proposed action upon the various motions which had been filed, had noted his disposition of the numerous requests for rulings, and had completed in manuscript form, ready to be typewritten, extended special findings, which were given to the stenographer the next day. On February 6, the judge, by accident, met counsel for one of the defendants on or near Boston Common, inquired whether there had been any change in the informal agreement and, receiving a negative reply, made a remark in some form of words sufficient to inform counsel that the general finding was to be against the plaintiff. Nothing was said about any special findings or about any action on the motions or requests for rulings. This information "was

innocently given, without any dishonest intent." Counsel for the plaintiff learned of this on February 9. He then went to the judge, who told him his decision and the substance of the special findings and the disposition of the motions. The findings, rulings and disposition of motions, as prepared before the interview of February 6, have not been changed. They were actually entered of record March 5.

The chief justice further found that between February 6 and February 9 no negotiations for settlement were in progress and he did not find that the plaintiff had "experienced any actual loss or disadvantage because of what the judge did on February 6." He himself made "in open court and by sworn testimony, a thorough inquiry into the facts of the course and conduct of the trial, and the acts of the judge thereafter." He states, "I do not find, and it is not now claimed, that there was anything other than strict judicial propriety up to and including the time when the judge reached his final determinations on February 5," and "I am of opinion that, on the facts of this case . . . to allow this motion would accomplish a far greater miscarriage of justice than to deny it. The judge's action on February 6, taken at its worst, was only an imprudent step, which has harmed no one's substantial rights." The chief justice denied the motions for new trial as matter of discretion.

It will be seen that the sole ground on which it is now argued that a new trial ought to have been granted is that after an understanding by all parties that the judge should give some kind of notice of his findings before they were filed, he in fact notified counsel for defendants in casual conversation without notifying counsel for the plaintiff until he was asked for information three days later. This was unfortunate. It is the duty of every judge to take all possible precaution in his conduct both in and out of court to avoid giving rise even to an unreasonable suspicion that he is more concerned for or more sympathetically interested in one party than in another. But the act of the judge in this instance falls far short of serious misconduct on his part, and does not necessarily indicate any partiality whatever. The findings of fact of the chief justice of the

Municipal Court make it clear that there was nothing more than an indiscretion on the part of the trial judge after all his findings and rulings had been made and committed to. paper and at a time when the result of the trial was in no way affected and the rights of the plaintiff were in no way injured. There is nothing which reflects back to impugn the integrity of the trial or the findings.

A verdict should be set aside only where "the irregularity is of such a nature as to affect the impartiality, purity and regularity of the verdict itself." *Commonwealth* v. *Roby,* 12 Pick. 496, 516. *Davis* v. *Boston Elevated Railway,* 235 Mass. 482, 496. See as somewhat analogous *Crosby* v. *Blanchard,* 7 Allen, 385; *Commonwealth* v. *Desmond,* 141 Mass. 200; *Commonwealth* v. *Heden,* 162 Mass. 521; *Whitney* v. *Commonwealth,* 190 Mass. 531, 536. The case differs from cases where the result of the trial may have been affected by an irregularity before the verdict or finding. It is more like cases where the disclosure by a juror of the result of a sealed verdict before it has been returned into court has been held to be an impropriety not affecting the verdict. *Ingersoll* v. *Truebody,* 40 Cal. 603. *Hyde* v. *Lookabill,* 66 Iowa, 453. *Tillett* v. *Norfolk Southern Railroad,* 166 N. C. 515. *Fowler* v. *Tuttle,* 24 N. H. 9. The denial of the motions for new trial was well within the discretion of the chief justice.

*Orders dismissing reports affirmed.*